## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARAL AGARUNOVA,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE STELLA ORTON HOME CARE<br>AGENCY, INC.,<br><br>Defendant. | Case No.: 16 Civ. 638 (MKB) (RLM)<br><br>**CLASS AND COLLECTIVE ACTION**<br>**FIRST AMENDED COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Maral Agarunova ("Plaintiff" or "Agarunova") by her attorneys Wittels Law, P.C., Hymowitz Law Group PLLC, and the Law Offices of David A. Feinerman brings this action individually and on behalf of a class of persons defined below, against Defendant The Stella Orton Home Care Agency, Inc. ("Defendant," "Stella Orton" or the "Company") and alleges the following with knowledge as to her own acts, and upon information and belief as to all other acts:

### SUMMARY OF THIS CLASS AND COLLECTIVE ACTION
### TO RECOVER FOR DEFENDANT'S MULTIPLE WAGE AND HOUR VIOLATIONS

1.      This suit seeks to remedy Defendant Stella Orton's illegal pay practices. Defendant is a home health care agency whose workers provide home-based aid to individuals in need of medical or other home care assistance.  Plaintiff and the Class are hard-working home health and personal care aides (collectively, "home care workers") employed by Stella Orton.

2.      Stella Orton is a sizeable home health company, now servicing over 1,000 customers and employing more than 1,200 home care workers.  Stella Orton's success is

attributable to the devoted service of its home care workers.  Nevertheless, although Plaintiff Ms. Agarunova and other members of the Class typically work more than 40 hours per week to service Stella Orton's expanding patient base and have helped Defendant accomplish its impressive growth, for years Stella Orton failed to pay them the overtime compensation they were legally owed.

3.     To make matters worse, Defendant holds on to the money earned by its home care workers for longer than is allowed under the law.  Through its uniform practice of paying late and less frequently than the law requires, Stella Orton further deprives its employees of a fair day's wage for a fair day's work.

4.     Defendant's unlawful labor practices undoubtedly benefit its bottom line, but such benefits are in violation of New York State Labor Law and its implementing regulations ("NYLL" or "N.Y. Labor Law"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and its supporting regulations.

5.     Home care workers perform physically demanding and vitally important work. These workers are crucial for ensuring access to the care that many individuals need to remain healthy and independent, and these workers should be compensated fairly and in accordance with the law.

6.     The home care industry has grown dramatically over the past thirty years as more individuals choose to stay at home rather than seek care in nursing homes.  Today, there approximately 2 million home care workers nationwide supporting their clients' independence. Yet despite the industry's growth, home care workers remain among the lowest paid in the service industry.  The average wage for a home care worker in the United States— overwhelmingly immigrant women and women of color—is less than $20,000 a year.  Further,

- 2 -

the lack of basic employment protections, including compliance with state and federal wage and hour laws, result in an approximately 50% turnover rate in the home care industry and leaves those who do stay in the industry unable to take care of their own families.

7.     Plaintiff Ms. Agarunova brings this action on behalf of herself and all similarly situated employees, both as a class action under Rule 23 of the Federal Rules of Civil Procedure, and as a collective action under the FLSA, 29 U.S.C. § 216(b).

8.     Only by joining together in a class and collective action can the Company's employees remedy Stella Orton's ongoing wrongdoing.  Because the monetary damages suffered by each employee are small compared to the much higher cost a single employee would incur in trying to challenge Stella Orton's unlawful pay practices, it makes no financial sense for an individual employee to bring her own lawsuit.  Further, many employees don't even realize they are victims of Defendant's wage and hour violations.

9.     With this class action, Plaintiff and the Class seek to level the playing field and ensure that companies like Stella Orton engage in fair and upright business practices.  Plaintiff therefore seeks equitable relief in addition to monetary damages.  Plaintiff asks that the Court declare Defendant's wage and hour practices impermissible, enjoin Defendant from continuing is abusive labor practices, require that Defendant return all misappropriated monies, and compensate Plaintiff and the Class for all damages suffered as a result of Defendant's unlawful conduct.

## **PARTIES**

10.     Plaintiff Maral Agarunova is a New York citizen, and at all times relevant to this action resided in Staten Island.  Plaintiff Agarunova was employed by Stella Orton from 2008 until April 2015.

11.     At all relevant times, Plaintiff Agarunova worked as a home care worker Staten Island, routinely working more than 40 hours per week.  Plaintiff Agarunova's Consent to Join this Collective Action is attached hereto as Exhibit A.

12.     Ms. Agarunova's duties as a home care worker included without limitation laundry, putting clothes away, bathing the patient, making and changing beds, dusting and vacuuming, cleaning and maintaining the vacuum; cleaning kitchens, ovens, refrigerators, bedrooms, and bathrooms including putting items away; cleaning walls, toilets, showers, etc., washing and putting away dishes generated during the day as well as accumulated dishes from prior days; running errands such as shopping for the patient and picking up prescriptions from the pharmacy, carrying shopping bags, taking out the garbage, cleaning the patient's walker, day-long cleaning projects; cooking breakfast, lunch, and dinner for the patient and other family members, including children and grandchildren, and cleaning up after meals.  Ms. Agarunova's clients also requested that she wash clothes with her hands and that she engage in dangerous cleaning projects such as climbing high shelves.

13.     Ms. Agarunova spent more than 25% of her working time as a personal care aid performing this physical labor.  Stella Orton's home health aids do these same tasks and also spend more than 25% of their working time performing physical labor.

14.     Defendant Stella Orton is a New York corporation with its headquarters located at 3155 Amboy Rd., Staten Island, New York 10314.  Stella Orton is primarily in the business of placing home health and personal care aides at the homes of patients with medical and personal care needs.  Stella Orton's annual revenue for the 2014 tax year was $41,480,610.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

- 4 -

§§ 1331 and 1337 and 29 U.S.C. § 216(b) because Plaintiff seeks relief under federal law, specifically the FLSA, 29 U.S.C. § 201 *et seq*.

16.     This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1332 (the "Class Action Fairness Act").  This action meets the prerequisites of the Class Action Fairness Act, because the aggregate claims of the Class exceed the sum or value of $5,000,000.00, the Class has more than 100 members, and diversity of citizenship exists between at least one member of the Class and Defendant.

17.     This Court also possesses supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same case or controversy.

18.     This Court has personal jurisdiction over Defendant because it is a New York corporation headquartered in New York.

19.     Venue is proper in this district under 28 USC § 1391 because Defendant resides in the Eastern District of New York and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

20.     Upon information and belief, Stella Orton was established in 1982 and has since seen robust annual growth.  The Company's revenues have been well in excess of $500,000 in each year from 2010 to the present.

21.     Stella Orton's employees' work also regularly involves them in interstate commerce.  Yet Stella Orton has committed multiple wage and hour violations, which are detailed in the following paragraphs.

### A.     Failure to Pay Overtime at the Proper Rate

22.     At all applicable times, Plaintiff Agarunova's regular rate of pay was $10.00 per

hour.

23.     During her tenure with Stella Orton, Plaintiff Agarunova worked long hours, regularly exceeding 40 hours per week.  Ms. Agarunova's payroll account records confirm the many hours she devoted to Defendant's clients.

24.     For example, for the week ending March 13, 2015 Ms. Agarunova's pay stubs demonstrate that she worked 48 hours (12 on 3/9, 12 on 3/10, 12 on 3/11, and 12 on 3/12), yet was paid no overtime.

25.     Some of Ms. Agarunova's paystubs even show her working "OT" hours, yet despite Defendant's grueling schedule Stella Orton paid Plaintiff only straight time for these hours.  For example, for the week ending on Valentine's Day 2014 Plaintiff's paystubs show she worked 60 "TOTAL HOURS," (12 on 2/10, 12 on 2/11, 12 on 2/12, 12 on 2/13, and 12 on Valentine's Day).  The paystub correctly identifies hours Plaintiff worked on 2/13 and Valentine's Day as "OT" but nevertheless show that she was unlawfully paid the same $10 per hour she was paid for straight time.  The same $10 "OT" rate also appears on Plaintiff Agarunova's paystub dated November 22, 2013.

26.     While Stella Orton occasionally paid time-and-a-half overtime to Plaintiff and the Class for especially long weeks worked over holidays (itemizing these hours as +OT Day), Defendant's general practice was to short Plaintiff Agarunova for her overtime hours.

27.     Until October 31, 2015, Stella Orton maintained these same pay practices with regard to the Class.

28.     Starting October 31, 2015, Stella Orton paid members of the Class $15.00 per hour worked in excess of 40 hours per week, although at least once in 2016, Stella Orton failed to pay members of the Class the required $15.00 overtime premium.

- 6 -

29.     Under the applicable NYLL regulations, 12 NYCRR § 142-2.2, prior to October 13, 2015, Stella Orton was required to pay Plaintiff Agarunova and all other members of the Class at least one and a half times the basic minimum hourly rate for each hour worked in excess of 40 hours per week.  In 2010 the overtime rate required by New York law was thus $10.88 (1.5 x $7.25), in 2014 it was $12.00 (1.5 x $8.00 minimum wage) and in 2015 it was $13.13 (1.5 x $8.75 minimum wage).

30.     However, during the vast majority of Plaintiff's tenure Defendant Stella Orton paid Plaintiff Agarunova for overtime worked at her regular $10.00 rate, thus failing in most instances to pay one and a half times the basic minimum hourly rate.

31.     Under the applicable FLSA regulations, 29 CFR Part 552, starting on October 13, 2015, Stella Orton was required to pay all other members of the Class at one and a half times their regular hourly rate ($15.00 per hour), for each overtime hour worked in excess of 40 hours worked during a week.

32.     From October 13, 2015 until October 30, 2015, Stella Orton failed to pay an overtime premium of one and a half times the regular hourly rate.

33.     In addition, Stella Orton failed to pay members of the Class the required $15.00 overtime premium due to a uniform corporate policy of misclassifying certain hours worked as straight time only.

34.     The overtime violations detailed above are evident from the payroll account records in both Ms. Agarunova's and Defendant Stella Orton's possession.

35.     Defendant's failure to pay Plaintiff the proper overtime compensation required by the FLSA and NYLL was willful.

36.     Defendant's unlawful conduct occurred pursuant to a corporate policy and/or

practice of minimizing labor costs by denying Plaintiff and the Class compensation in violation of the FLSA and NYLL.

**B.**   **Denial of "Spread of Hours" Pay for Time Worked In Excess of 10 Hours**

37.   Plaintiff Agarunova's regular hourly wage was $10 per hour, the minimum required under the New York Wage Parity Law, N.Y. Pub. Health Law § 3614-c.

38.   Pursuant to 12 N.Y.C.R.R. § 142-2.4 Defendant is required by New York law to pay Plaintiff and the Class an extra hour's pay for split shifts or any time worked in excess of the 10-hour shift.  This required extra pay is called "spread of hours" pay.

39.   Plaintiff Agarunova and the Class regularly worked more than ten hours per day. For example, from during the week from March 9, 2013 to March 13, 2013 Plaintiff Agarunova worked at least three shifts that were longer than 10 hours but was not paid spread of hours pay.

40.    Defendant failed and continues to fail to provide spread of hours pay to its employees when they work more than ten hours per day.

41.   The spread of hours violations detailed above are evident from both the payroll account records in Ms. Agarunova's and Defendant Stella Orton's possession.

**C.**   **Wage Theft Prevention Act Violations**

42.   Defendant failed to provide Plaintiff and the Class with accurate wage statements, which is required by NYLL § 193(3).

43.   Defendant also failed to furnish Plaintiff and the Class with an accurate annual wage notice as required by NYLL § 193(1).

**D.**   **Failure to Pay Wages in a Timely Manner with Required Frequency**

44.   Plaintiff Agarunova and the Class are manual workers within the meaning of NYLL § 191(1)(a)(i).  They spend well in excess of 25% of their working time performing

physical labor.

45.   NYLL § 191(1)(a)(i) requires that Plaintiff and the Class be paid weekly and that wages be paid with no more than a 7-day lag—i.e. not later than seven calendar days after the end of the week in which the wages are earned.

46.   The FLSA requires that wages be promptly paid and that they not be unreasonably delayed.

47.   Defendant failed to pay earned compensation to Plaintiff and the Class with the frequency and timeliness required by NYLL § 191(1)(a)(i).

48.   Defendant also delayed payment longer than is reasonable under the FLSA.

49.   At all relevant times prior to June 12, 2015, the Company's uniform payroll practice was to pay its employees like Plaintiff Agarunova every other Friday.  On each payday Plaintiff was given two paychecks, with each check covering one of the weeks in a two week pay period.  The checks, however, were lagged by 7 days—on any given Friday one check was for work performed in the week prior to the one that was just ending, and the other check covered the week that had ended 14 days before payday.  Stella Orton thus made Plaintiff and the Class wait 14 days for the first week's paycheck.

50.   Beginning on June 13, 2015, the Company changed its payroll practices and began paying the Class with single paychecks that covered a two-week pay period, but as before Stella Orton lagged the checks by 7 days.  Like the previous practice, the new policy meant that payment for the first week of work was delayed by 14 days.

51.   Defendant's failure to promptly pay Plaintiff and the Class was willful, unreasonable, and was motivated by illegitimate business purposes, including Stella Orton's desire to transfer money from its workers pockets to the Company's coffers.  When these

minimum wage workers' wages are discounted for the delay in payment, each employee is paid less than the New York minimum wage for the hours she worked during the first week's pay period.  Defendant's federal and state overtime violations are similarly exacerbated by the delayed payment.

## COLLECTIVE ACTION ALLEGATIONS

52.     Plaintiff brings Counts I and II under the FLSA on behalf of herself and all other similarly situated current and former home health and personal care aides (collectively "home care workers") employed by Defendant at any time from November 8, 2013 until December 15, 2015 (the "FLSA Collective").

53.     At all relevant times, Plaintiff and the FLSA Collective are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff one-and-one-half times their regular rates work in excess of 40 hours per workweek.  Defendant also unreasonably delayed Plaintiff and the FLSA Collective's first week paychecks by 14 days.  Plaintiff's claims stated herein are essentially the same as those of the other members of the FLSA Collective.

54.     Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs.

55.     Defendant is aware or should have been aware that as of October 13, 2015 federal law requires it to pay home care workers an overtime premium for hours worked in excess of 40 per workweek.

56.     Defendant is aware or should have been aware that the FLSA requires that wages

be promptly paid and that they not be unreasonably delayed.

57.     Counts I and II are properly brought under and maintained as an opt-in collective

action pursuant to 29 U.S.C. § 216(b).

58.     The members of the FLSA Collective are readily ascertainable, can be located

through Defendant's records, and would benefit from the issuance of a court supervised notice of

this lawsuit and the opportunity to join the lawsuit.

59.     Notice should be sent to the members of the FLSA Collective pursuant to 29

U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

60.     Plaintiff brings her claims under the New York Labor Law pursuant to Rule 23 of

the Federal Rules of Civil Procedure, on behalf of herself and a Class of Stella Orton current and

former employees preliminarily defined as follows:

> All persons who were employed by Stella Orton as home health
> and personal care aides (collectively "home care workers") at any
> time from November 8, 2010 until December 15, 2015 (the
> "Class").

61.     Excluded from the Class are Defendant, Defendant's legal representatives,

officers, directors, assigns, and successors, or any individual who has, or who at any time during

the Class period has had, a controlling interest in Stella Orton; and the Judge(s) to whom this

case is assigned, their judicial staffs, and any member of the Judges' immediate family.

62.     The N.Y. Labor Law counts brought by Plaintiff may properly be maintained as a

class action against Defendant pursuant to the provisions of Federal Rule of Civil Procedure 23.

63.     The size of the Class is more than 100 individuals.  The persons in the Class are

so numerous that the joinder of all such persons is impracticable.

64.     Plaintiff is a member of the Class.  Her claims are typical of the claims of the

Class and do not conflict with the interests of any other members of the Class.  All members of the Class have been subject to and affected by the same or similar conduct.

65.     Plaintiff will fairly and adequately protect the interests of all Class members because it is in her best interest to vigorously prosecute the claims alleged herein and to obtain full compensation due to her for the illegal conduct of which she complains.  Plaintiff has retained competent and experienced class action attorneys to represent her interests and those of the Class.

66.     Questions of law and fact are common to the Class and predominate over any questions affecting only individual members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of this action:

    a.  Whether Defendant failed to pay the Class all overtime compensation earned in violation of N.Y. Labor Law §§ 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.2;

    b.  Whether Defendant failed to provide the Class spread-of-hours pay when the length of their workday was greater than 10 hours;

    c.  Whether Defendant violated the frequency and timeliness of pay requirements of NYLL § 191(1)(a)(i);

    d.  Whether Defendant failed to furnish the Class with accurate wage statements, as required by NYLL § 195(3);

    e.  Whether Defendant failed to furnish the Class with an accurate annual wage notice, as required by NYLL § 195(1); and

    f.  Whether, and to what extent, equitable relief should be imposed on Defendant to prevent the company from continuing its unlawful labor policies; and

    g.  The extent of class-wide injury and the measure of damages for those injuries.

67.     A class action is superior to all other available methods for resolving this controversy because i) the prosecution of separate actions by Class members will create a risk of adjudications with respect to individual Class members that will, as a practical matter, be dispositive of the interests of the other Class members not parties to this action, or substantially

impair or impede their ability to protect their interests; ii) the prosecution of separate actions by Class members will create a risk of inconsistent or varying adjudications with respect to individual Class members, which will establish incompatible standards for Defendant's conduct; iii) Defendant has acted or refused to act on grounds generally applicable to all Class members; and iv) questions of law and fact common to the Class predominate over any questions affecting only individual Class members.

68.    Accordingly, this action satisfies the requirements set forth under Fed. R. Civ. P. 23(a) and 23(b).

<u>COUNT I</u>
**(FLSA – UNPAID OVERTIME WAGES)**

69.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

70.    At all relevant times, Plaintiff and the FLSA Collective were employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

71.    At all relevant times, Plaintiff and the FLSA Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

72.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, 29 CFR Part 552 effective as of October 13, 2015, apply to Defendant Stella Orton and protect Plaintiff and the FLSA Collective.

73.    The FLSA 29 U.S.C. §§ 206 and 207 mandate that in calculating overtime the employer must utilize the employees' regular rate of pay.

74.    In violation of the FLSA and supporting regulations, Stella Orton has engaged in a widespread pattern, policy, and practice of failing to pay Plaintiff and the FLSA Collective overtime wages at time-and-a-half their regular rate of pay for all hours that they worked over 40

- 13 -

hours in a workweek.

75.     As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

<u>**COUNT II**</u><br>**(FLSA – PROMPT PAYMENT VIOLATIONS)**

76.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

77.     The FLSA mandates that wages be promptly paid and that they not be unreasonably delayed.

78.     In violation of the FLSA, Stella Orton has engaged in a widespread pattern, policy, and practice of failing to promptly pay Plaintiff and the FLSA Collective.

79.     Defendant's unlawful conduct has been willful and intentional.  Defendant was aware or should have been aware that its practices with respect to the compensation of Plaintiff and the FLSA Collective are unlawful.  Because Defendant willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

80.     Defendant has not made a good faith effort to comply with the FLSA's prompt payment requirement.

81.     As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

- 14 -

<u>COUNT III</u>
**(NYLL – UNPAID OVERTIME WAGES)**

**(FLSA COMPANIONSHIP EXEMPTION INAPPLICABLE)**

82.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

83.     The overtime wage provisions of Article 19 of the N.Y. Labor Law and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

84.     In violation of N.Y. Labor Law applicable regulations Stella Orton has engaged in a widespread pattern and practice of failing to pay its employees overtime compensation.

85.     By Defendant's knowing or intentional failure to pay Plaintiff and the Class the correct overtime rate, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

86.     Due to Defendant's willful violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid overtime wages earned and due during the six years prior to the commencement of this action and thereafter, as well as liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 663.

<u>COUNT IV</u>
**(NYLL – UNPAID OVERTIME WAGES)**

**(IN THE ALTERNATIVE, FLSA COMPANIONSHIP EXEMPTION APPLICABLE)**

87.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

88.     The overtime wage provisions of Article 19 of the N.Y. Labor Law and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

89.     Prior to October 13, 2015, the effective date of updated 29 CFR Part, Plaintiff was

exempt from Section 13 of the FLSA.  N.Y. Labor Law §§ 650 *et seq*., and 12 NYCRR § 142-2.2 provides that "an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended . . . overtime at a wage rate of one and one-half times the basic minimum hourly rate."

90.     In violation of N.Y. Labor Law §§ 650 *et seq*. and applicable regulations and wage orders issued by the New York Department of Labor (12 NYCRR § 142-2.2), Stella Orton has engaged in a widespread pattern and practice of failing to pay its employees overtime compensation.

91.     By Defendant's knowing or intentional failure to pay Plaintiff and the Class the correct overtime rate, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

92.     Due to Defendant's willful violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid overtime wages earned and due during the six years prior to the commencement of this action and thereafter, as well as liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 663.

## COUNT V
### (NYLL – SPREAD-OF-HOURS PAY)

93.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

94.     Under 12 NYCRR § 142-2.4, Stella Orton is required to pay an employee an extra hour of pay for any split-shift or day in which the employee's "spread of hours" exceeds 10 hours.  The relevant spread is the time between the beginning and the end of employee's work day including all working time, time off for meals, and time off duty, as defined by 12 NYCRR §

142-2.18.

95.     Plaintiff and the Class often work a spread of hours in excess of 10 hours per day. However, Defendant never pays these employees an extra hour of pay for each in which they worked over 10 hours.  Defendant continually violates 12 NYCRR § 142-2.4.

96.     By Defendant's knowing or intentional failure to pay Plaintiff and the Class spread-of-hours pay, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations.

97.     Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff and the Class, including hours worked each workday and total hours worked each workweek, as required by N.Y. Labor Law § 195(4) and supporting regulations.

98.     Due to Defendant's willful violations of the N.Y. Labor Law, Plaintiff and the Class are entitled to recover from Defendant their wages earned and due during the six years previous to commencing this action and thereafter, as well as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## <u>COUNT VI</u>
## (NYLL – VIOLATIONS RELATED TO TIMELINESS AND FREQUENCY OF PAY)

99.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

100.     Plaintiff and the Class are manual workers within the meaning of NYLL § 191(1)(a)(i).

101.     Stella Orton willfully failed to pay Plaintiff and the Class earned compensation in a timely manner and with the required frequency in violation of NYLL § 191(1)(a)(i).

102.     Due to Defendant's willful violations of the N.Y. Labor Law, Plaintiff and the Class are entitled to recover from Defendant damages for late payments of wages in the amount

of liquidated damages equal to one hundred percent of all late payments, as well as reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 198.

**COUNT VII**
**(NYLL – FAILURE TO PROVIDE ANNUAL WAGE NOTICES)**

103.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

104.    Stella Orton willfully failed to provide Plaintiff and the Class with wage notices, as required by N.Y. Labor Law § 195(1).

105.    Through its knowing or intentional failure to provide Plaintiff and the Class with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

106.    Due to Defendant's willful violations of the N.Y. Labor Law, Plaintiff and the Class are entitled to statutory penalties of $50 for each workday that Defendant failed to provide them with wage notices, or up to a total of $5,000, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL § 198(1-b).

**COUNT VIII**
**(NYLL – FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS)**

107.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

108.    Stella Orton willfully failed to provide Plaintiff and the Class with accurate statements of wages, as required by N.Y. Labor Law § 195(3).

109.    Through its knowing or intentional failure to provide Plaintiff and the Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

110.     Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and

the Class are entitled to statutory penalties of $250 for each workweek that Defendant failed to

provide them with accurate wage statements, or a total of up to $5,000, plus reasonable

attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article

6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Maral Agarunova on her own behalf and on behalf of all other

similarly situated persons, seeks the following relief:

A.     Designation of this action as a collective action on behalf of the FLSA Collective

members (asserting FLSA claims and NYLL claims) and prompt issuance of notice pursuant to

29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of

the pendency of this action, and permitting them to assert timely FLSA claims and state law

claims;

B.     Designation of Plaintiff as the Representative of the FLSA Collective;

C.     A declaratory judgment that the practices complained of herein are unlawful

under the FLSA, 29 U.S.C. § 201, *et seq.*;

D.     An award of damages, according to proof, including liquidated damages, to be

paid by Defendant, as authorized by the FLSA;

E.     Certification of this case as a class action pursuant to Rule 23;

F.     Designation of Plaintiff as the Representative of the Class and counsel of record

as Class Counsel;

G.     Issuance of a declaratory judgment that the practices complained of in this

Class and Collective Action Complaint are unlawful under the NYLL, Article 6, §§ 190, *et seq.*,

NYLL, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations;

      H.      An award of unpaid overtime pay, spread of hours pay, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

      I.      All damages available for Defendant's failure to pay wages on time and with required frequency in violation of N.Y. Labor Law § 191(1)(a)(i);

      J.      Statutory penalties of $50 for each workday that Defendant failed to provide the Plaintiff and the Class with a wage notice, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

      K.      Statutory penalties of $250 for each workweek that Defendant failed to provide Plaintiff and the Class with accurate wage statements, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

      L.      Pre-judgment interest and post-judgment interest;

      M.      Issuance of an injunction requiring Defendant to pay all statutorily required wages pursuant to the N.Y. Labor Law and an order enjoining Defendant from continuing its unlawful policies and practices as described herein with respect to the Class and Collective;

      N.      Punitive damages;

      O.      Penalties, as provided by law;

      P.      Reasonable attorneys' fees and costs of the action; and

      Q.      Such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Agarunova requests

trial by jury in this action of all issues so triable.


Dated:  Armonk, New York
        September 5, 2016

By:     /s/ Steven L. Wittels
        Steven L. Wittels (SW-8110)
        J. Burkett McInturff (JM-4564)
        Tiasha Palikovic (TP-5697)
        WITTELS LAW, P.C.
        18 HALF MILE ROAD
        ARMONK, NEW YORK 10504
        Telephone: (914) 319-9945
        Facsimile: (914) 273-2563
        slw@wittelslaw.com
        jbm@wittelslaw.com
        tpalikovic@wittelslaw.com

        Daniel Hymowitz (DH-0936)
        HYMOWITZ LAW GROUP, PLLC
        1629 Sheepshead Bay Road
        Brooklyn, NY 11235
        Telephone: (718) 807-9900
        Facsimile: (866) 521-6040
        daniel@hymowitzlaw.com

        *Counsel for Plaintiff and the Class*

        David A. Feinerman (DF-3320)
        LAW OFFICES OF DAVID A. FEINERMAN
        2765 Coney Island Ave. 2nd Floor
        Brooklyn, NY
        Telephone: (718) 646-4800
        Facsimile: (718) 646-5770

        *Co-Counsel for Plaintiff and the Class*