

Ius Laboris USA Global HR Lawyers

One Grand Central Place | 60 East 42nd Street | 51st Floor
New York, New York 10165
Tel 212-453-5900 | Fax 212-453-5959

Writer's Direct Dial:

PHILIP K. DAVIDOFF
212-453-5915
pdavidoff@fordharrison.com

October 30, 2017

**VIA ECF**
Hon. Roanne L. Mann
Chief Magistrate Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   ***Agarunova v. The Stella Orton Home Care Agency, Inc.***
      <u>Docket No. 16 Civ. 638 (MKB)(RLM)</u>

Dear Chief Magistrate Judge Mann:

This firm represents Defendant The Stella Orton Home Care Agency, Inc. ("Stella Orton" or "Defendant") in the above-referenced matter. Defendant writes pursuant to Your Honor's October 26, 2017 Order to oppose Plaintiff's Motion to Compel Discovery to Produce Potential Collective and Calls Member Contact Information. (Dkt. 42). For the following reasons, Plaintiff's request for collective/class member contact information is, at best, premature and must be denied.

Less than two weeks ago, Plaintiff filed her second amended complaint ("SAC"). (Dkt. 41). Defendant has received permission from Judge Brodie to move to dismiss Plaintiff's New York Labor Law ("NYLL") claims in their entirety. Plaintiff's Fair Labor Standards Act ("FLSA") claim was permitted to proceed to discovery, ostensibly on an individual basis. (Min. Entry Oct. 18, 2017). Defendant intends to file its motion on or before November 13th.

The scope of the putative NYLL class undoubtedly will be impacted in some manner by the Court's decision on Defendant's motion to dismiss. Furthermore, the scope of the putative FLSA collective action is likely to be impacted by that decision, along with other considerations as well. It bears emphasizing that Plaintiff has not yet even served any formal discovery demands. Rather, has simply demanded via email that Defendant turn over names and addresses of putative collective/class members. In light of Defendant's motion to dismiss and the early stages of this case, Plaintiff's motion to compel such information should be denied at this time.

In her amended complaint, Plaintiff asserts wage and hour claims under both the FLSA and the NYLL on a class and collective wide basis. Defendant submits that the relevant statutory period governing Plaintiff's putative FLSA collective arguably dates back to September 5, 2014.[1] At that time, Defendant contends Plaintiff was subject to the FLSA's former companionship exemption. The applicable regulations subsequently were changed. The effective date of the changes, which were substantial, was either January 1, 2015, October 13, 2015 or November 12, 2015. Federal District Courts are split on this issue and no appellate court has yet ruled on the issue, as far as our research has shown. Defendant submits that for the period prior to the effective date of the changes to the applicable regulations, FLSA collective treatment is inappropriate. Indeed, several published decisions in the Eastern District (and one in the Southern District) have so ruled. *See, e.g., Cowell v. Utopia Home Care, Inc.*, No. 14-cv-736 (LDW)(SIL), 2016 U.S.

---

[1] That is, three years prior to the filing of Plaintiff's First Amended Complaint, which included for the first time allegations of a collective/class-wide nature.

Hon. Roanne L. Mann
October 30, 2017

Dist. LEXIS 104495 (E.D.N.Y. Aug. 8, 2016); *see also Bonn-Wittingham v. Project O.H.R. (Office for Homecare Referral), Inc.*, 16-cv-541 (ARR)(JO), 2016 U.S. Dist. LEXIS 172767 (E.D.N.Y. Dec. 14, 2016); *Severin v. Project OHR, Inc.*, 10-cv-9696 (DLC), 2012 U.S. Dist. LEXIS 85705 (E.D.N.Y. Jun. 20, 2012).

In this regard, as addressed at the pre-motion conference held before Judge Brodie on October 18, 2017, Defendant contends that Plaintiff's FLSA collective claims must ultimately be limited to incorporate *at most* the time period beginning January 2015, which is the earliest date that the modified companionship exemption regulation became effective through October 31, 2015, when Plaintiff acknowledges that Defendant's pay practices were changed to reflect the changes in the FLSA regulations. (*See* SAC, ¶ 30.) However, Defendant has advised the Court of its position that the effective date of the modified FLSA regulations is in fact a date other than January 1, 2015 (*e.g.,* October 13, 2015 or November 12, 2015), shortening even further the potential collective/class period, and expects to formally assert (and brief) this position at the appropriate time when a motion for conditional collective certification is before the Court.

Adding further to this uncertainty and also affecting the appropriate scope of any putative collective/class, beginning December 1, 2015, when a Memorandum of Agreement between 1199 SEIU United Healthcare Workers East ("1199), the exclusive bargaining representative of Stella Orton's home care workers, and Stella Orton became effective, all wage and hour claims of the kind asserted in the SAC are subject to mandatory arbitration, and class action waivers. *See Lai Chan v. Chinese-American Planning Council Home Attendant Program, Inc.*, 180 F. Supp. 3d 236 (S.D.N.Y. 2016). This too will undoubtedly serve to affect the scope of any putative collective/class.

While all of these issues remain pending before the Court, it is unquestionably premature to permit Plaintiff to obtain potential collective/class member contact information because it is entirely unknown at this stage whether such claims will survive Defendant's upcoming motion to dismiss or a motion for conditional certification, and, if so, in what form.

Fed. R. Civ. P. 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The U.S. Supreme Court has ruled that class members' names and addresses are generally not "relevant" within the meaning of Rule 26 and do not fall within the scope of legitimate discovery. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353-54 (1978). At this stage, it would be premature to permit Plaintiff to obtain such wide ranging discovery. In fact, based on the very real possibility of Plaintiff's NYLL claims being dismissed in their entirety, or at a minimum significantly reducing the applicable time period and/or scope of the putative class/collective, permitting such expansive discovery at this time, without benefit of motion practice seeking conditional certification, would likely only serve the purpose of benefiting Plaintiff's counsel by permitting it to obtain additional clients. However, as addressed below, Courts have routinely held that where the production of information would primarily benefit Plaintiff's counsel, such discovery should not be compelled.

Despite Plaintiff's representation, it is the prevailing view in the Eastern District of New York to *refuse* "to allow discovery of class members' identities at the pre-certification stage." *See, e.g., Charles v. Nationwide Mut. Ins. Co., Inc.*, No. 09-cv-94, 2010 U.S. Dist. LEXIS 143487, at *3 (E.D.N.Y. May 27, 2010). Plaintiff relies heavily on cases from the Southern District of New

Hon. Roanne L. Mann
October 30, 2017

York.  In situations such as this case, Courts in the Eastern District of New York have found that the production of such information is premature.  In fact, in a similar case, Your Honor denied a similar motion for the production of collective information.

In *Zheng v. Good Fortune Supermarket Group (USA), Inc.*, Your Honor denied Plaintiff's pending motion for conditional certification and request for the disclosure of the names, titles, compensation rates, and contact information of prospective opt-in plaintiffs. No. 13-cv-60 (ILG)(RLM), 2013 U.S. Dist. LEXIS 130673, at *22 (E.D.N.Y. Sept. 12, 2013) (Mann, J.).  In the decision, Your Honor assessed that "*[u]pon certification* of a collective action under the FLSA, 'it is appropriate for a district court to permit the discovery of the names and addresses of employees.'" *Id.* (quoting *Charles v. Nationwide Mut. Ins. Co., Inc.*, No. 09-cv-94, 2010 U.S. Dist. LEXIS 143487, at *3.) (emphasis added).  Furthermore, Your Honor noted that "where a party has failed to make a modest factual showing of the existence of similarly situated potential plaintiffs, such discovery is unwarranted." *Id.*  Since at this early stage and certainly while Defendant's motion to dismiss is pending and other issues remain to be adjudicated, Plaintiff cannot "demonstrate that conditional certification of her FLSA claim as a collective action is appropriate," Defendant's submit that the Court should rule as it did in *Zheng* and deny Plaintiff's premature motion to compel discovery of potential class/collective member contact information.

In addition to Your Honor's decision, other decisions in the Eastern District of New York have similarly denied premature requests for the production of class and collective contact information.  In *Jenkins v. TJX Companies, Inc.*, the Court held that the production of class and collective information was premature because Plaintiff had not yet served formal discovery requests upon the Defendant. No. 10-cv-3755 (ADS)(WDW), 2011 U.S. Dist. LEXIS 44372, at *3 (E.D.N.Y. Ap. 25, 2011) (further noting that Plaintiff failed to cite to a case in the Eastern District).  Specifically and applicable to this case, "'plaintiff has failed to articulate a sufficient basis upon which this discovery at this time' and further noted that plaintiff could collect sufficient evidence through properly drafted discovery requests." *Id.* (quoting *Charles v. Nationwide Mutual Ins. Co.*, No 09-cv-0094, 2010 U.S. Dist. LEXIS 143487).

Finally, Defendant wishes to make the Court aware of its concern that Plaintiff's seek such premature discovery at this early stage as an impermissible fishing expedition to obtain the contact information of additional potential clients. *See Dziennik v. Sealift, Inc.*, No. 05-cv-4659, 2006 U.S. Dist. LEXIS 33011, at *1 (E.D.N.Y. May 23, 2006) (noting that "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification.").  This action is not the first case filed by Plaintiff's counsel against Defendant.  In fact, Plaintiff's counsel commenced an action *Caprita v. Stella Orton Home Care Agency, Inc.*, No. 16-cv-06218 (CBA)(SMG) in which Plaintiff's counsel asserted similar allegations.  However, on April 28, 2017, Caprita agreed to arbitrate her claims pursuant to the Alternative Dispute Resolution agreed upon between Defendant and Plaintiff's union, 1199.  However, on September 19, 2017, in an unorthodox maneuver, Plaintiff's counsel moved to reopen the case and proceed in federal court.  Correctly, Judge Amon denied Plaintiff's request, though she invited Plaintiff's counsel to file a new complaint if Plaintiff were so inclined.  If Plaintiff chooses to do so, such Complaint will be met with a motion to compel arbitration.

Hon. Roanne L. Mann
October 30, 2017


Based on the foregoing, it is unquestionable at this early stage of litigation, merely two weeks after Plaintiff filed her SAC, when Defendant will shortly be filing a motion to dismiss, and where no formal discovery demands have yet been served, that it is premature to grant Plaintiff's motion to compel discovery of potential collective/class members.  We thank the Court for its attention to this matter.

Sincerely,
*s/ Philip K. Davidoff*
PHILIP K. DAVIDOFF


PKD