

One Grand Central Place  |  60 East 42nd Street  |  51st Floor
New York, New York  10165
Tel 212-453-5900  |  Fax 212-453-5959

Writer's Direct Dial:
JEFFREY G. DOUGLAS
212-453-5927
JDouglas@fordharrison.com

July 13, 2018

**VIA ECF**
Hon. Roanne L. Mann
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Agarunova v. The Stella Orton Home Care Agency, Inc.*
      **Docket No. 16 Civ. 638 (MKB)(RLM)**

Dear Chief Magistrate Judge Mann:

This firm represents Defendant The Stella Orton Home Care Agency, Inc. ("Defendant") in the above-referenced matter. We write pursuant to Section III.A of Your Honor's Individual Rules and Fed. R. Civ. P. 26(c) to move to stay discovery pending the Court's decisions on Defendant's Motion to Compel Arbitration and Plaintiff's Motion for Conditional Certification, both of which are fully briefed and awaiting resolution. The Court's decisions on these two pending motions are likely to affect whether this litigation will even proceed in court and, if so, the scope of the litigation. Therefore, until these motions are resolved, Defendant contends that continuing to engage in discovery will unduly prejudice Defendant and unnecessarily expend the parties' and court's resources.

It is common practice for district courts to stay discovery while a motion to compel arbitration is pending.[1] When considering whether to issue a stay, courts generally consider three factors: (1) whether defendant has made a strong showing that the plaintiff's claim is unmeritorious—or in this instance the likelihood that defendant will prevail on its motion to compel arbitration; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.[2] An analysis of these three factors favors granting the stay.

**I.      Defendant is Likely to Prevail on Its Motion to Compel Arbitration**

As outlined more thoroughly in the parties' motion papers, Defendant avers that given the "strong federal policy favoring arbitration"[3] "particularly . . . with respect to arbitration of labor

---

[1] *See, e.g. Ross v. Bank of Am., N.A.*, 2006 U.S. Dist. LEXIS 208 (S.D.N.Y. 2006); *Intertec. Contracting v. Turner Steiner Int'l, S.A.*, No. 98-CV-9116, 2001 U.S. Dist. LEXIS 9950, at *7 (S.D.N.Y. 2001).

[2] *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 66-67 (D. Conn. 2010).

[3] *Hartford Acc. and Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001) (citing *David L. Threlkeld & Co. v. Metallgesellschaft Ltd. (London)*, 923 F.2d 245, 248 (2d Cir.1991)).

disputes," Defendant is likely to prevail on its motion.[4] Furthermore, in three out of the four instances that federal courts have substantively analyzed the arbitration provision in question, defendants' motion to compel has been granted.[5] The one outlier case, on which Plaintiff's opposition is based, is currently being appealed to the Second Circuit Court of Appeals and has been stayed pending a decision by the Court of Appeals.[6]

## II. Engaging in Discovery Absent Decisions on the Two Pending Motions will Unduly Burden the Parties and Prejudice Defendant

The myriad uncertainties relating to the two pending motions make proceeding with discovery an exercise in futility.[7] For example, if Defendant prevails in full on its motion to compel arbitration, this entire action will be compelled to arbitration, at which time discovery would proceed in accordance with the arbitration procedures and on an individual, non-class or collective basis. Alternatively, if Defendant prevails on only part of its motion, the scope of discovery will be impacted by the portion of the case permitted to proceed in court. Finally, even if Defendant's motion to compel arbitration is denied in part or its entirety, the discovery sought by Plaintiff is still subject to Your Honor's decision on Plaintiff's Motion for Conditional Certification. Based on these scenarios, uncertainty regarding discovery abounds.

As Your Honor is aware, since Plaintiff filed her Amended Complaint in September 2017 (after a year and a half of failing to prosecute her case), Plaintiff has sought extensive discovery—already pushing the boundaries of permissible discovery (*i.e.* seeking the names and contact information for all putative class and collective members before even moving for conditional certification, which Your Honor denied (Dkt. No. 46)). Furthermore, Plaintiff's approach to discovery has continued to require Defendant, a not-for-profit corporation, to exhaust significant resources for a claim that may not even proceed in court.

Moreover, Plaintiff's discovery demands are onerous. Plaintiff's Document Demands consisted of 80 document demands, which included requests for documentation for the entire putative class as well as 18 interrogatories requesting detailed information for the entire putative class. Additionally, Plaintiff served a separate correspondence demanding extensive information concerning electronically stored information ("ESI"). Defendant provided objections and responses to Plaintiff's discovery demands including approximately 400 pages of documents

---

[4] *Supreme Oil Co. v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008) (quoting *New York Hotel & Motel Trades Council, AFL—CIO v. Hotel St. George*, 988 F.Supp. 770, 774 (S.D.N.Y. 1997)).

[5] *See Chan v. Chinese-American Planning Council Home Attendant Program, Inc.,* 180 F. Supp. 3d (S.D.N.Y. 2016), *Mazza v. Special Touch Home Care Servs., Inc.,* No. 16 Civ. 1185 (ARR)(RLM), 2016 U.S. Dist. LEXIS 150559 (E.D.N.Y. Oct. 31, 2016)*, and Rodriguez v. New York City Foundation for Senior Citizens Home Attendant Services, Inc.,* No. 15 Civ. 9817 (VEC), slip op. (S.D.N.Y. Jul. 14, 2016).

[6] *Abdullayeva v. Attending Homecare Services LLC*, No. 17 Civ. 05951, slip op. (JBW)(SJB) (E.D.N.Y. June 14, 2018).

[7] *See Spinelli, et al. v. National Football League, et al¸* No. 13 Civ. 7398 (RWS), slip op. (S.D.N.Y. Nov. 17, 2015) (granting defendants' motion to stay discovery pending resolution on motion to dismiss).

Hon. Roanne L. Mann
July 13, 2018

pertaining to the named-Plaintiff and other matters of general relevance. In response, Plaintiff served a 97-page correspondence alleging Defendant's discovery deficiencies. After meeting and conferring and at Plaintiff's request, Defendant provided a 148 page response on May 3, 2018. After waiting two months, Plaintiff's counsel advised Defendant that they desired to address further alleged deficiencies during a call on July 9, 2018.  On July 6, 2018, Plaintiff provided a 10 page outline of alleged further deficiencies, which included the request for documentation and information pertaining to the putative class. During the July 9th "meet and confer" it became apparent that until the two pending motions are decided, there will be countless discovery disputes that will occupy both the parties' and the court's resources due to the uncertain scope of this litigation.

Furthermore, given the fact that the alternative dispute resolution provision in question contains class and collective action waivers as well as a right of first refusal for the union to process any claims asserted under the FLSA and/or NYLL, producing discovery pertaining to the putative class members will unduly prejudice Defendant because it will merely serve as a client referral service for Plaintiff's counsel.  Until such time that there is a decision on the motion to compel arbitration and motion for conditional certification, Defendant submits it will be unduly prejudiced by producing such discovery or at a minimum the potential for prejudice outweighs proceeding.

### III.    Plaintiff will not be Prejudiced by a Stay Pending Decisions on the Motions

Finally, Plaintiff will not be prejudiced by the implementation of a stay pending the Court's decisions on the motion to compel arbitration and motion for conditional certification.[8]  In fact, Plaintiff will conserve resources by not engaging in discovery for individuals who are covered by the arbitration provision or for individuals who will not be part of the case if the motion for conditional certification is denied.  There is no statute of limitation concern because the motion for conditional certification has already been briefed and will presumably be decided by the Court without any connection to whether discovery proceeds.  Therefore, Plaintiff cannot reasonably demonstrate any prejudice in waiting until the Court decides the two motions and clarifies the scope of the action, if any.

Based on the foregoing analysis, discovery in this case should be stayed pending the Court's decisions on the two pending motions.  We thank the Court for its consideration.

>                         Sincerely,
>                         *s/Jeffrey Douglas*
>                         JEFFREY G. DOUGLAS

cc:    All counsel of record (*via* ECF)

---

[8] *See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002).