1

```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2
     ------------------------------x
 3                                        16-CV-638(MKB)
     MARAL AGARUNOVA,
 4                                        United States Courthouse
              Plaintiff,                  Brooklyn, New York
 5
              – versus –                  October 18, 2017
 6                                        10:30 a.m.
     THE STELLA ORTON HOME CARE
 7   AGENCY, INC.,

 8            Defendant.

 9   ------------------------------x

10        TRANSCRIPT OF CIVIL CAUSE FOR PREMOTION CONFERENCE
               BEFORE THE HONORABLE MARGO K. BRODIE
11                 UNITED STATES DISTRICT JUDGE

12
     APPEARANCES
13
     Attorney for Plaintiff:  LAW OFFICES OF STEVEN L. WITTELS
14                            18 Half Mile Road
                              Armonk, New York 10504
15                            BY:  JAMES B. McINTURFF, III, ESQ.
                                   STEVEN L. WITTELS, ESQ.
16

17   Attorney for Defendant:  FORD & HARRISON LLP
                              100 Park Avenue
18                            New York, New York 10017
                              BY:  PHILIP K. DAVIDOFF, ESQ.
19

20

21   Court Reporter:          LINDA D. DANELCZYK, RPR, CSR, OCR
                              Phone:  718-613-2330
22                            Fax:  718-804-2712
                              Email:  LindaDan226@gmail.com
23

24
     Proceedings recorded by mechanical stenography.  Transcript
25   produced by computer-aided transcription.
```

PROCEEDINGS                                    2

1          (In open court.)

2          THE COURT:  Good morning.  Please be seated.

3          THE COURTROOM DEPUTY:  This is civil cause for

4   premotion conference, Docket Number 16-CV-638, Agarunova

5   versus the Stella Orton Home Care Agency, Inc.

6          Counsels, please state your name for the record.

7          MR. WITTELS:  Steven Wittels, Wittels Law Firm for

8   the plaintiff and the class.

9          Good morning, Your Honor.

10          THE COURT:  Good morning, Mr. Wittels.

11          MR. McINTURFF:  James McInturff for plaintiffs and

12   the class, Wittels Law Firm.

13          THE COURT:  Okay.  Good morning, Mr. McInturff.

14          MR. DAVIDOFF:  Good morning, Your Honor.

15          Philip Davidoff for Stella Orton Home Care.

16          THE COURT:  Good morning, Mr. Davidoff.

17          You may remain seated.

18          So, Mr. Davidoff, explain to me why you are seeking

19   a motion in this case.

20          MR. DAVIDOFF:  Sure.

21          Initially -- well, first with respect to the state

22   law claims that have been alleged, Stella Orton is a

23   not-for-profit in New York that --

24          THE COURT:  I couldn't read the attachment.

25          MR. DAVIDOFF:  I'm sorry.

PROCEEDINGS                                    3

1          THE COURT:  I could not read the attachment to your

2     letter.

3          MR. DAVIDOFF:  Well, let me explain what they are.

4          It has an exemption from New York State overtime

5     under the wage order.

6          THE COURT:  Right.

7          MR. DAVIDOFF:  There's no --

8          THE COURT:  I understand what you're alleging it is,

9     I'm simply saying I couldn't read it.

10         MR. DAVIDOFF:  Yes, I understand.

11         THE COURT:  And I also note that on one page of it,

12    it doesn't indicate whether or not the box was checked for

13    charitable purpose --

14         MR. DAVIDOFF:  It's underlined, Your Honor.

15         THE COURT:  -- well, at what point was it underlined

16    and where is the box?  There's a box before each of them.

17    There's no box for charitable.

18         MR. DAVIDOFF:  Well, Your Honor, that's, we would

19    submit, not relevant.

20         THE COURT:  Why isn't it relevant?

21         I mean, I know what the form is and the form has a

22    box.

23         You can't speak when I'm speaking.

24         The form has a box before each to be checked or not.

25    Because you're required to specify the type of organization it

PROCEEDINGS                                    4

1   is.  There's no box on this that's checked to say it's a

2   charitable organization, it was organized for charitable

3   purposes, although there's typed information provided

4   underneath that line.

5          So, I mean, my problem with this is I don't know

6   that it satisfies what you're required to show in order to

7   claim charitable organization, not-for-profit organization,

8   and, therefore, exempt from New York labor law requirements.

9          MR. DAVIDOFF:   I'll speak to that, Your Honor.

10         THE COURT:  Okay.  Go ahead.

11         MR. DAVIDOFF:  Well, it -- the Department of

12  Labor -- this is all in the Department of Labor process and

13  the Department of Labor has repeatedly, and I even attached

14  the last letter that says that we're on file, it's in effect.

15  So they obviously accepted the form at the time in 1982 when

16  this organization was founded.  It's a charitable

17  organization.

18         The exemption is still covered to this day at the

19  Department of Labor, and the statute's very clear that the

20  only way that you lose this exemption is if we withdraw it

21  ourselves as an organization, or go to the Commissioner of

22  labor, which they didn't.  So there really can be no dispute

23  that we have this exemption.  It's at the Department of Labor.

24  They can certify it eight days a week.

25         THE COURT:  Why don't you speak to the FSLA claim,

PROCEEDINGS                                         5

1   counsel.

2           MR. DAVIDOFF:  Yes, Your Honor.

3           With respect to the overtime claim, the -- well,

4   initially the complaint alleged that, and we agree with this,

5   that the change to the federal exemption for home care workers

6   went into effect in October of 2015.  I understand from

7   plaintiff's counsel, we had a conference before Magistrate

8   Judge Mann last week, I think it was, or two weeks ago, and

9   the plaintiffs have said they were going to amend the

10  complaint.  We're waiting for that.  I think that's going to

11  be coming relatively shortly.  So there'll be some changes to

12  that and we'll address those.

13          But there was a dispute in the courts, a split.

14          THE COURT:  Okay, so putting that aside, I'm

15  familiar with the issue --

16          MR. DAVIDOFF:  Okay.

17          THE COURT:  -- as to whether or not the date relates

18  back to when the --

19          MR. DAVIDOFF:  Correct.

20          THE COURT:  -- the amendment was supposed to take

21  effect or the date the mandate was issued by the Court of

22  Appeals.

23          Why aren't the allegations as set forth in the

24  complaint sufficient to show that plaintiff fell outside of

25  the exemption prior to her termination in April, regardless of

PROCEEDINGS                                    6

1   the change in law?

2            MR. DAVIDOFF:  Okay.  Well, with respect --

3            THE COURT:  As I understand the law, the plaintiff

4   is only required to allege that she spent more than 20 percent

5   of her time doing work that would put her outside of the

6   exemption, and plaintiff has made several allegations as to

7   work that she did having nothing to do with her tier or charge

8   of the individual she was caring for.  Why isn't that enough

9   to get her outside of the exemption?

10           MR. DAVIDOFF:  Your Honor, I think as it's pled with

11  respect to her individual claim, she would -- we would be

12  litigating that issue and that it would be outside.  She could

13  conceivably be outside the exemption.  That's correct.

14           THE COURT:  So then what would be the basis for you

15  to make a motion on the FSLA claim at this stage?

16           MR. DAVIDOFF:  Well, Your Honor, I think that your

17  point is well taken and whether we made that motion would

18  depend on the validity of making a motion to strike the

19  collective in that instance; however, I think, you know, Your

20  Honor's point, and I think it's a valid one may be that we

21  will make some kind of conditional certification to argue that

22  point.

23           THE COURT:  Okay.  So with regard to an amendment,

24  is plaintiff seeking to amend just to change the allegation as

25  to the effective date of the change to the FSLA statute?

PROCEEDINGS 7

1          MR. WITTELS:  Your Honor, Mr. McInturff, my

2    colleague, will address it.  But if --

3          THE COURT:  Either one of you can.  I assume you

4    both filed notices of appearance.

5          Pull the mic towards you when you speak, sir.

6          MR. McINTURFF:  Yes, Your Honor, we sought leave to

7    amend before Judge Mann for -- on that point, and then on some

8    other minor issues.  Counsel had raised some points about work

9    that may actually -- even though it's got -- considered manual

10   work, it may fall into the category of work associated with

11   one's patients such that it wouldn't qualify for this

12   20 percent exemption.

13         So we agree with counsel on that, that some of the

14   tasks that the plaintiff alleged she performed would -- would

15   not be part of the 20 percent.  So we're cleaning that up and

16   it's due to be filed today.

17         THE COURT:  Okay.  So what is your position on

18   counsel's claim as to the New York labor law claims and the

19   certification upon which counsel relies?

20         MR. McINTURFF:  Yes, Your Honor.  So we have a

21   couple of points regarding the New York labor law claim.

22         Initially we agree with Your Honor that the

23   certification is not proper on its face.  Perhaps more

24   importantly, the statute requires that the company be operated

25   solely for charitable purposes and that no benefit, no

*LINDA D. DANELCZYK, RPR, CSR*
*Official Court Reporter*

PROCEEDINGS                           8

1   pecuniary benefit, accrued to any individual shareholder, and

2   we have engaged a noted accounting firm that has taken a look

3   at the publicly available tax records of this company, Stella

4   Orton Home Care, as well as a sister company that operates out

5   of the exact same location, which is in a strip mall in Staten

6   Island.

7           THE COURT:  Also a home care business?

8           MR. McINTURFF:  Also a home care business, Your

9   Honor.  There's also a for-profit, a third for-profit entity

10  operating out of that exact same location in Staten Island,

11  and the accountant has found significant red flags that we

12  believe demonstrate that this company is a large for-profit

13  entity.  They have revenues in excess of $40 million a year.

14          And some -- just a few, briefly, red flags the

15  accountant has identified, is that these two charitable

16  entities that are operating out of the same location have

17  different accountants.  They have different books.  One set of

18  books is at the location.  Another set of books is in a ranch

19  out in New Jersey.

20          THE COURT:  So wait.  You're saying each charitable

21  organization has two different books, or that both charitable

22  organizations, each individually, have a different set of

23  accountants?

24          MR. McINTURFF:  No, each organization has different

25  books in different locations.  They're using -- they're

PROCEEDINGS                                                    9

1    operating out of the same office.  The office is integrated.

2    I served the defendant with the complaint.  It's a

3    single-office, but for some reason they're using two separate

4    accountants to do their accounting and they're using two

5    separate books.

6              And if you look at the revenues of the companies,

7    this is -- if this were a charity, this would be one of

8    America's 200 largest charities.  It would be bigger than the

9    American Enterprise Institute.  It would be bigger than the

10   American Jewish World Service.  It would only be slightly

11   smaller than the Michael J. Fox Foundation for Parkinsons, yet

12   it's operating out of a strip mall in Staten Island and has no

13   website.

14             The accountant found that there were very

15   questionable charges by paying $600,000 a year in rent to rent

16   a location that is above a Chase Bank in Staten Island.  They

17   have questionable management fees that we've looked at on a

18   tax return.  So we believe that this is -- not only is it not

19   certified a charity on the form, but they're running a very,

20   very large enterprise here with millions in revenue and

21   they're working their home care workers very, very hard and

22   trying to take advantage of this exemption.

23             THE COURT:  So you're arguing that all three

24   entities at that location are, in fact, one entity?

25             MR. McINTURFF:  We believe so.  At this stage we

1    haven't gotten discovery into it, but that's going to be one

2    of the -- one of our areas of inquiry.

3              In addition, we're going to look into these

4    payments.  This is a very, very large business.  Like I said,

5    it would be one of America's largest charities.  And it's --

6              THE COURT:  There's nothing wrong with being a large

7    charity if it's doing charitable work.  The issue is more

8    whether or not the exemption applies.  And since the exemption

9    does require that it's not making a profit for its

10   shareholders.  So that is really this whole issue that the

11   Court is concerned about.

12             So here's what it appears to me; that on the FSLA

13   claim, there's no motion to be made because plaintiff's

14   allegations are sufficient to withstand a motion to dismiss.

15   She's alleged, I thought, specific actions that she took that

16   makes her activities, at least on the face of it in accepting

17   her complaint, to fall outside of the exemption so that the

18   FSLA would apply to her employment.

19             With regard to the New York labor law claim, while

20   counsel has a legal challenge to that claim, there are issues

21   of fact outstanding as to whether or not they comply, not just

22   with the fact that they're registered as a charitable

23   organization, since there are some questions as to the

24   certification, which I believe can be readily dealt with, but

25   the larger issue of whether or not it's a profit-making entity

PROCEEDINGS                                    11

1   providing profit to its shareholders and, therefore, would not

2   be exempt under New York labor law, neither of which can be

3   decided on a motion to dismiss.

4           Counsel, to the extent you disagree, I'll be happy

5   to give you a motion schedule so that you can go ahead and

6   file your motion.

7           MR. DAVIDOFF:  Yes, Your Honor.

8           We would like to -- if I can just speak to one or

9   two points.

10          THE COURT:  With regard to which point?

11          MR. DAVIDOFF:  The New York State issue.

12          THE COURT:  The New York labor law issue, okay.  Go

13  ahead.

14          MR. DAVIDOFF:  Thank you, Your Honor.  I appreciate

15  it.

16          I'm a bit at a loss.  This organization is -- I

17  mean, this speculation is rampant, but it's a not-for-profit

18  that is regularly audited by the State, Your Honor.

19          THE COURT:  Yes, but I mean it doesn't mean that

20  there can't be issues of fact and it's not speculation if

21  they've had an accountant investigate the books and are

22  raising issues.  I mean, those do create issues as to whether

23  or not the shareholders of the entity receive income and --

24          MR. DAVIDOFF:  There are no shareholders.

25          THE COURT:  Okay.  Well, again, counsel, this is not

PROCEEDINGS                                    12

1    something I can summarily dismiss on a motion to dismiss.  For

2    you to shown up, first of all, on a motion to dismiss, I'm

3    allowed to look at the complaint and accept its allegations as

4    true.

5              So, one, it's unclear that I can take -- and I guess

6    maybe I can take judicial notice of the certification, but the

7    certification that you submitted on its face raises issues.

8              So on a motion to dismiss, assuming I can accept the

9    certification for what it is, it still doesn't prove that the

10   New York labor law doesn't apply to your client because of the

11   issue of whether or not the company generates a profit that's

12   paid to its shareholders or its owner.  If it has no other

13   shareholder, there's clearly someone who owns it.  So there's

14   that outstanding.  So I wouldn't be able to decide that on a

15   motion to dismiss, in any event.

16             And as for the FSLA, as I indicated, my reading of

17   the complaint as is -- and I understand counsel plans on

18   filing an amended complaint today, but I've read the complaint

19   and the allegations are more than sufficient to withstand a

20   motion to dismiss as to whether or not plaintiff engaged in

21   work that would put her outside the exemption.

22             MR. DAVIDOFF:  Your Honor, I think that one point

23   needs to just be reiterated.

24             THE COURT:  Okay.

25             MR. DAVIDOFF:  The exemption -- and we think that

PROCEEDINGS                                        13

1    certification of its currentness, and on top of that the

2    statute is very clear that the only way that that exemption is

3    lost is by an order of the Commissioner of labor.

4            THE COURT:  But this isn't about the exemption,

5    counselor.  I'm saying, putting that issue aside, whether or

6    not the certification on its face means what it says it is,

7    and assuming that I will look at that on a motion to dismiss,

8    the statute also requires, secondarily, that there is no

9    income to anyone.  Certification doesn't make that true.

10   That's my point.  The certification alone isn't enough to

11   satisfy that part of the statutory requirement.

12           And I guess for plaintiff, to the extent you're

13   amending your complaint, you should add whatever allegations

14   you have with regard to whether or not, under New York labor

15   law, they can satisfy -- can or cannot satisfy the exemption

16   requirement.  I'm just looking for it right now.

17           MR. WITTELS:  It must exclusively be operated for

18   charity purposes.

19           MR. McINTURFF:  And no profit and there's no benefit

20   to shareholders.

21           THE COURT:  Right.  And so to the extent you have

22   evidence that there is profit, you should probably allege that

23   in the amended complaint.

24           MR. McINTURFF:   We will, Your Honor.

25           MR. DAVIDOFF:  Your Honor, what I'm concerned

PROCEEDINGS                                14

1    about --

2              THE COURT:  What?

3              MR. DAVIDOFF:  -- is some type of fishing

4    expedition.  I'm sure that we can --

5              THE COURT:  I understand that, and we would limit

6    it.  Of course Judge Mann would make sure she limits any

7    discovery, because especially on this issue I think we should

8    have a limited discovery on the issue of whether or not the

9    exemption applies in this case, so that we can, at some point,

10   decide under on the New York labor law claims.

11             Plaintiffs, of course, to the extent that you can

12   satisfy that it is a not-for-profit certified by New York

13   State and there's no profits going to anyone, then that should

14   be the end of the New York labor law claim under the statutory

15   requirement.  But Judge Mann will supervise the discovery on

16   that issue, which is a separate issue from the substance of

17   the New York -- of the FSLA claim.

18             MR. DAVIDOFF:  Got it, Your Honor.  I appreciate

19   that.

20             THE COURT:  Okay.  So the amended complaint is going

21   to be filed today?

22             MR. McINTURFF:  Yes, Your Honor.

23             THE COURT:  Counsel, I'm urging you to review

24   whether or not there's a basis to make a motion, but to the

25   extent you decide to move forward with a motion, how much time

PROCEEDINGS                                    15

1   would you need to make the motion?

2           MR. DAVIDOFF:  Twenty-one days.

3           THE COURT:  Okay.

4           THE COURTROOM DEPUTY:  That will be November 8th.

5           THE COURT:  And this will be as to the New York

6   labor law claim, correct?

7           MR. DAVIDOFF:  Let me just make sure that I'm

8   limiting it to just that.

9           I believe that's correct, Your Honor.  Yes.

10          THE COURT:  Okay.  So 21 days, November 8th.

11          How much time would you need to respond, counsel?

12          MR. WITTELS:  Can I confer?

13          THE COURT:  Yes.

14          MR. DAVIDOFF:  While they're conferring, Your Honor,

15  I just want to double check with them, because Your Honor had

16  raised a point of them adding additional information to -- for

17  their New York claim and the issue of the not-for-profit

18  status.

19          THE COURT:  Right.

20          MR. DAVIDOFF:  I just wanted to make sure that they

21  are still going to be filing it, their amendment today.

22  That's all.

23          THE COURT:  Right.  And counsel has indicated filing

24  this today.  There's no reason for them not to.

25          MR. DAVIDOFF:  Just basically to see if they want

PROCEEDINGS                                    16

1     additional time to do that.

2              THE COURT:  I see.

3              MR. WITTELS:  Okay.

4              Could we have until Friday, Judge, just because we

5     had alleged, obviously, that they were not, you know,

6     exclusively for charitable purposes, but we hadn't really put

7     in --

8              THE COURT:  Any facts to support that allegation?

9              MR. WITTELS:  Right.  And at this point, you know,

10    we felt the allegation would survive any motion to dismiss.

11    But certainly we can put in some facts subject, obviously, to

12    the discovery we need, which is why we're think in one sense

13    it's a fruitless motion, because one of our responses to any

14    motion to dismiss, since it really is questions of fact, Your

15    Honor, would be we need additional discovery or we need to

16    start discovery on that issue.

17             THE COURT:  Well, to get by the motion to dismiss,

18    you do have to allege some facts in support of those

19    allegations that it's a not-for-profit where the plaintiff

20    is -- assuming that I can refer to and rely on the

21    certification if it is -- if there's a certified copy of it,

22    then it's a public record that I should be able to take

23    judicial notice of on a motion to dismiss.

24             So to the extent you're challenging not just the

25    actual certification but the fact that they are a

1    not-for-profit entity, then you do want to put forward some

2    factual allegation to support your allegations in order to

3    withstand a motion to dismiss on that point.

4            MR. McINTURFF:  Your Honor, we're happy to put

5    forward those allegations, but just to foreshadow one of our

6    arguments is that the affirmative defense that they're a

7    not-for-profit is an affirmative defense, and we -- one of our

8    threshold arguments is going to be that we, in fact, don't

9    need to allege that they're not a not-for-profit because

10   that's their burden to prove and we're happy to put forth

11   facts.

12           THE COURT:  It is their burden, but if there are no

13   allegations that suggest otherwise, and as I take judicial

14   notice of their certification that they are a nonprofit entity

15   so certified by New York State and they are at the time I'm

16   deciding the motion, then they may prevail on that motion

17   without any allegations to the contrary.

18           MR. McINTURFF:  Fair enough, Your Honor.

19           THE COURT:  So while it is their burden, ultimately

20   their certification without any allegations to the contrary

21   suggest that they've met that burden, right?

22           MR. McINTURFF:  Understood.

23           THE COURT:  Right.  So you need until Friday to file

24   the amended complaint, and I'll do that.

25           What date is Friday?

PROCEEDINGS                        18

1          THE COURTROOM DEPUTY:  The 20th.

2          THE COURT:  The 20th.

3          Does that change your time for --

4          MR. DAVIDOFF:  Twenty-one days from then.

5          THE COURT:  Okay.

6          THE COURTROOM DEPUTY:  November 10, which is a

7   holiday.  So you can have until the 13th.

8          MR. DAVIDOFF:  Okay.

9          THE COURT:  Okay.  November 13th.

10          And how much time do you need to respond to that

11   motion, counsel?

12          MR. WITTELS:  Can we have 30 days, Your Honor?

13          THE COURT:  Okay.  That will be December.

14          THE COURTROOM DEPUTY:  13th.

15          THE COURT:  December 13th.

16          And reply, counsel?  I'll give you a week.

17          MR. DAVIDOFF:  How about ten days.  What date is

18   that going to be?

19          MR. McINTURFF:  Your Honor, we have another deadline

20   that day.  Is it possible if we took until the 15th of

21   December, the Friday?

22          THE COURT:  Okay.  December 15th.

23          MR. DAVIDOFF:  And that will get around

24   Christmastime.

25          THE COURT:  Get it in before, counsel.  It will be

PROCEEDINGS                                         19

1    Friday, the 22nd.

2              Would that be a problem?

3              MR. DAVIDOFF:  I am --

4              THE COURT:  It's just a reply.

5              MR. DAVIDOFF:  Yes.  I'm leaving town on the 21st, I

6    think.  And they want the 15th.  And that's going to be pretty

7    rough, Your Honor.

8              Why do they need 30 days if I am going --

9              THE COURT:  Counsel, tell me what you need.  Don't

10   worry about what they need.

11             MR. DAVIDOFF:  Okay.  I was suggesting -- I can --

12   then I would take to the -- after New Year's.

13             THE COURT:  To file a reply?  On a simple issue?

14             MR. DAVIDOFF:  I don't know how simple it is until I

15   see it, Your Honor.

16             THE COURT:  Well, we've already discussed it at

17   length.  It's really not a lot.  It's either the exemption

18   applies or it doesn't.

19             I believe, based on their representation of counsel,

20   after they've amended the complaint, you're going to have a

21   hard time being able to make this motion.  But I will give you

22   until -- give me a date the first week in January.

23             THE COURTROOM DEPUTY:  January 5.

24             THE COURT:  January 5th to respond.

25             Does that work, counsel?

PROCEEDINGS                                20

1        MR. DAVIDOFF:  That's fine, Your Honor.

2        THE COURT:  Okay.  So the parties will move forward

3   with discovery as to the FSLA claims after the amended

4   complaint is filed this Friday.

5        Counsel will decide whether to move forward with the

6   motion under the New York labor law claim, and if so, will

7   file the motion by November 13th.

8        Plaintiffs to respond by December 15th.  And counsel

9   to reply by January 5th.

10        Is there anything else we need to discuss today?

11        MR. DAVIDOFF:  I just have one clarification I

12   wanted to say because I was writing.  I heard all the part

13   about the New York law.  You said the FSLA piece follows

14   their --

15        THE COURT:  Would move forward with discovery.

16        MR. DAVIDOFF:  Okay.

17        THE COURT:  I don't know where you are with

18   Judge Mann on that.

19        MR. WITTELS:  Your Honor, just to be clear on that

20   point then.  We understand that we will be moving forward on

21   the FSLA.  Are we are also moving forward --

22        THE COURT:  Pull the mic towards you, counsel.

23        MR. WITTELS:  We would also be moving forward on the

24   New York labor law claim.

25        THE COURT:  Not until counsel decides whether to

*LINDA D. DANELCZYK, RPR, CSR*
*Official Court Reporter*

PROCEEDINGS                                                    21

1    make the motion or not.

2              If he makes the motion, then we have to -- I have to

3    decide the motion before you can move forward on that part of

4    the claim.

5              MR. WITTELS:  May I just confer one second.

6              THE COURT:  Okay.

7              Counsel?

8              MR. WITTELS:  Judge, I think as you pointed out

9    earlier in the discussion, our allegations we believe will be

10   sufficient to show that they're not a not-for-profit.  But to

11   the extent they raise anything outside the complaint that

12   requires us to get into discovery, obviously --

13             THE COURT:  Well, so the motion -- it will be a

14   motion to dismiss, and it will be a motion to dismiss the New

15   York labor law claims.  And if I understand correctly, based

16   on their status as a nonexempt -- as an exempt entity because

17   of their charitable -- the fact that they're a charitable

18   company, that's what counsel is planning to move on.  Assuming

19   that the amended complaint has factual allegations in there,

20   so not just a statement saying they're not a charitable

21   entity, but factual allegations from which I can draw the

22   inference that they're not, then there is no basis for a

23   motion.

24             MR. WITTELS:  Okay.  Understood.  Thank you for that

25   clarification.

PROCEEDINGS                                    22

1          THE COURT:  So there would be no need for discovery

2   in order for me to decide a motion if counsel decides to bring

3   a motion.  I should be able to decide that motion simply based

4   on the submissions.  And this is why I think such an extended

5   period of briefing isn't even necessary, because it's such a

6   discrete issue.

7          And counsel, I reserve the right to summarily grant

8   or deny your motion once you file it.  So I'm asking you to

9   file it, not to bundle it, and actually file the motion when

10  you make it, and I'll make a decision at that point in time.

11         So there really should be no cause for concern.

12  You'll be able to move forward if I decide not to rule based

13  on counsel's submission and to wait and hear, or get the

14  information from you in your response and then counsel's

15  reply.  Either way, I'll decide it.

16         If in deciding it I believe there are issues that

17  need to go to discovery before I decide it, I will say that.

18  But I don't believe there will be any basis for that because

19  it would just be a legal argument based on their status.

20         And based on the allegations in the complaint, I'll

21  accept them as true and decide whether or not the exemption

22  applies.  Okay?

23         MR. WITTELS:  Thank you, Your Honor.

24         THE COURT:  Anything else today?

25         MR. DAVIDOFF:  No, Your Honor.

PROCEEDINGS                                    23

1            THE COURT:  Counsel, okay.  Have a good day,

2    everyone.

3            MR. DAVIDOFF:  Thank you.  Thank you, Your Honor.

4

5            (Whereupon, the matter was concluded.)

6

7                    *     *     *     *     *

8

9

10   I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.

11

12           /s/ Linda D. Danelczyk              December 28, 2017

13           LINDA D. DANELCZYK                  DATE

14

15

16

17

18

19

20

21

22

23

24

25