UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARAL AGARUNOVA,

                Plaintiff,                      MEMORANDUM
                                                  AND ORDER

       -against-                                16-CV-0638 (MKB)

THE STELLA ORTON HOME CARE AGENCY,
INC.,

                Defendant.
-----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Maral Agarunova ("plaintiff") brings this action against defendant The Stella Orton Home Care Agency, Inc. ("defendant") to recover unpaid overtime wages and related damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). Currently before the Court is plaintiff's motion to compel discovery. See Letter Motion to Compel (Oct. 29, 2018), Electronic Case Filing Docket Entry ("DE") #99. For the reasons that follow, plaintiff's motion is granted in part only.

## PROCEDURAL BACKGROUND

In response to plaintiff's Second Amended Complaint ("SAC"), defendant moved to dismiss on the ground that it was not required to pay overtime wages and a spread-of-hours premium under the NYLL because it is a "non-profitmaking institution" that timely elected to be exempt from New York's overtime and spread-of-hours requirements.[1] See Memorandum

---

[1] The Minimum Wage Order for Miscellaneous Industries and Occupations requires that employees who are non-exempt under the FLSA be paid overtime wages and a spread-of-hours premium under the NYLL. See N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 142-2.2, 142-2.4.

in Support of Motion to Dismiss (Nov. 13, 2017) at 4-11, DE # 47-2.  Plaintiff alleges that defendant is not entitled to an exemption because it is a for-profit enterprise, based on its relationship with two related entities (one for-profit and one non-profit) and irregularities reflected in its public tax filings.  See SAC (Oct. 20, 2017) ¶¶ 14-17, DE #41.  In light of these allegations, the Honorable Margo K. Brodie denied defendant's motion to dismiss plaintiff's NYLL overtime and spread-of-hours claims.  See Minute Entry (Apr. 3, 2018).  Now, plaintiff seeks discovery into whether defendant is a *bona fide* non-profit organization, eligible for an exemption under the NYLL.  Defendant objects to such discovery on the ground that plaintiff should not be permitted to challenge defendant's non-profit exemption because the New York Commissioner of Labor has exclusive jurisdiction over defendant's entitlement to such an exemption.  See Response in Opposition (Nov. 2, 2018) ("Def. Opp."), DE #101.

## DISCUSSION

Section 652(3) of the New York Labor Law provides a "non-profitmaking institution" with an option to exempt itself from a wage order if it "certif[ies] under oath within six months after it was organized or first employed such employees that it would pay and thereafter intended to pay [the minimum wage] to each of its employees in every occupation . . . ." N.Y. Lab. Law § 652(3)(a)-(b); see N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-1.1.  A "non-profitmaking institution" is statutorily defined as any entity that is "organized and operated exclusively for religious, charitable or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or individual."  N.Y. Lab. Law § 651(8).  This exemption may be terminated if the entity files a notice with the Commissioner of Labor requesting that the wage order apply to it or if the Commissioner

issues an order finding that the entity has failed to pay the minimum wage. See N.Y. Lab. Law § 652(3)(c); see also N.Y. Comp. Codes R. & Regs. Tit. 12., § 143.4 (providing for revocation of exemption if Commissioner finds that the certification contained misrepresentations or violates the provisions of the Minimum Wage Act).

Defendant argues that these provisions grant the Commissioner the exclusive jurisdiction to revoke the exemption of a "non-profitmaking institution." According to defendant, plaintiff may not obtain discovery into defendant's alleged profit-making because she is limited to inquiring into whether defendant has elected to exempt itself from the wage order, whether defendant is recognized by the Commissioner as having done so, and whether such exemption has been terminated, either voluntarily or by order of the Commissioner. See Def. Opp. at 3.

This Court declines to preclude discovery on a defense that has not been resolved in either party's favor. See City of New York v. Fedex Ground Package Sys., Inc., No. 13 Civ. 9173 (ER), 2016 WL 1718261, at *6 (S.D.N.Y. Apr. 27, 2016); US Bank Nat'l Ass'n v. PHL Variable Ins. Co., 288 F.R.D. 282, 286 n.1 (S.D.N.Y. 2012) ("'[A] discovery motion is not the proper forum for deciding the merits of a defense.'") (brackets omitted) (quoting Granite State Ins. Co. v. Clearwater Ins. Co., No. 09 Civ. 10607 (RKE), 2012 WL 1520851, at *3 (S.D.N.Y. Apr. 30, 2012)); Perez v. Nationwide Mut. Fire Ins. Co., No. 01CIV.2135 (VM)(DF), 2001 WL 716924, at *1 (S.D.N.Y. June 25, 2001) (until "defenses are determined to have been waived, [defendant] is entitled to discovery relating to all of the defenses it has asserted"). Indeed, defendant made the same legal argument in support of its motion to dismiss, which was denied by Judge Brodie.

Defendant contends that this denial has no effect on the instant motion because, at the hearing on that motion, Judge Brodie agreed with the substance of defendant's argument but simply refused to take judicial notice of the documents proffered by defendant. See Def. Opp. at 3 (citing Transcript of Proceedings Before Honorable Margo K. Brodie held on April 3, 2018 ("4/3/18 Tr.") at 26, DE #101-2). However, Judge Brodie's comments at the referenced hearing seem to suggest that a letter from the Commissioner acknowledging that defendant had applied for an exemption and filed the requisite certification does not conclusively establish that defendant meets the statutory definition of a non-profitmaking institution. See 4/3/18 Tr. at 21, DE #101-2 ("I cannot accept what you submitted to this Court for the truth of the matter that your client is a not-for-profit and therefore not subject to the laws, I cannot."); id. at 11, 14, DE #99-2. In fact, during an earlier pre-motion conference, Judge Brodie explicitly stated that even if the Court took judicial notice of defendant's certification to the Department of Labor, "it still doesn't prove that the New York [L]abor [L]aw doesn't apply to [the defendant] because of the issue of whether or not the company generates a profit that's paid to its shareholders or its owner." Transcript of Proceedings Before Honorable Margo K. Brodie held on October 18, 2017 ("10/18/17 Tr.") at 12, DE #102[2]; see id. at 13 ("[T]he statute also requires, secondarily, that there is no income to anyone. Certification doesn't make that true."). Accordingly, Judge Brodie contemplated that the parties would conduct "limited discovery on the issue of whether or not the exemption applies in this case . . . ." Id. at 14.

---

[2] Importantly, Judge Brodie offered that the defendant would have no basis for prevailing on a motion to dismiss if plaintiffs alleged facts from which the Court could infer that defendant is not a charitable entity. See 10/18/17 Tr. at 21. Indeed, in the SAC, plaintiff alleges that based on defendant's publicly available tax records, several questionable items suggest that defendant constitutes a for-profit entity. See SAC ¶¶ 14-17.

4

The court's decision in Smellie v. Mt. Sinai Hospital, No. 03Civ.0805(LTS)(DFE), 2004 WL 2725124 (S.D.N.Y. Nov. 29, 2004), is consistent with this view. There, plaintiffs sought leave to amend their complaint to add a claim for spread-of-hours pay. In arguing that plaintiff's proposed claim was futile as a matter of law, the defendant submitted a letter from the New York State Department of Labor stating that defendant was granted a not-for-profit institutional exemption from the wage order, which exemption remained in effect. See id. at *2. The court rejected defendant's argument, citing plaintiff's allegation that defendant had failed to pay minimum wages, one of the statutory prerequisites to an exemption under section 652(3)(b). See id. The court in Smellie recognized that the Department of Labor's grant of an exemption does not preclude employees from bringing a NYLL claim challenging the defendant's entitlement to the exemption.

The sole case cited by defendant involved an entirely different and distinguishable statute. In Sohn v. Calderon, the Court of Appeals held that the Division of Housing and Community Renewal ("DHCR") had exclusive jurisdiction to determine a landlord's entitlement to demolish a rent-regulated building. See 78 N.Y.2d 755 (1991). After analyzing the statutory scheme, the Court of Appeals concluded that it was "beyond question that the Legislature intended" such disputes "to be adjudicated by the DHCR." Id. at 765-66. The regulations at issue in Sohn provided specific procedures for the resolution of such disputes, see id. at 761, requiring the DHCR to make certain determinations and findings prior to permitting a landlord to demolish a rent-controlled building and issuing certificates of eviction. See id. at 767. As the Sohn Court concluded, to allow the landlord to commence an action in

Supreme Court seeking a declaration that he was entitled to demolish the building would circumvent the DHCR's authority. See id. at 767-68.

In contrast, in ABN AMRO Bank, N.V. v. MBIA Inc., 17 N.Y.3d 208 (2011), the Court of Appeals held that the approval of the restructuring of the defendant insurance company by the Superintendent of Insurance did not preclude policyholders from bringing a claim challenging the approved transactions. Among other things, the Court found that the absence of any requirement that affected policyholders be given notice and an opportunity to be heard demonstrated that the legislature did not intend to grant the Superintendent exclusive jurisdiction over the matter. See id. at 224-25.

Here, the statutory and regulatory scheme at issue does not evidence an intent by the legislature to preclude private plaintiffs from claiming unpaid overtime and spread-of-hours pay from an entity that asserts an exemption from the wage order. There are no legal provisions requiring that affected employees be given notice of the proposed exemption or an opportunity to be heard. Nor does the regulatory scheme require that the Commissioner of Labor make her own findings or determination as to whether an entity is a "non-profitmaking institution" under the statutory definition. Further, nothing in the record suggests that the Commissioner of Labor in fact made an independent determination that defendant fits that statutory definition. Defendant essentially argues that the Department of Labor's recognition of defendant as exempt is entitled to preclusive effect. However, principles of administrative collateral estoppel do not apply to a plaintiff who had no opportunity to object to an agency determination or to challenge the basis for defendant's claim that it is a "non-profitmaking

institution." See ABN AMRO Bank, 17 N.Y.3d at 226-27. Accordingly, plaintiff may pursue discovery concerning defendant's entitlement to the claimed exemption.

As for defendant's argument that the scope of discovery demanded by plaintiff is disproportional to the needs of the case, this Court agrees that the requests as framed are overbroad: Plaintiff's expansive discovery demands (DE #99-1) are a far cry from the "limited discovery" that Judge Brodie contemplated would be permitted on the exemption issue. See 10/18/17 Tr. at 14. The parties are directed to confer in good faith in an effort to narrow the scope of documents requested.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to compel is hereby granted to the extent discussed above.

**SO ORDERED.**

**Dated:	Brooklyn, New York
	November 26, 2018**

/s/	*Roanne L. Mann*
**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**