**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**MARAL AGARUNOVA,**

                              **Plaintiff,**          **MEMORANDUM
                                                            AND ORDER**

    -against-

                                                                               **16-CV-638 (MKB)**

**THE STELLA ORTON HOME CARE
AGENCY, INC.,**

                                **Defendant.**
-----------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff Maral Agarunova ("plaintiff" or "Agarunova") brings this putative collective action against defendant The Stella Orton Home Care Agency, Inc. ("defendant" or "Stella Orton"), asserting claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), for unpaid overtime owed to home health aides who were alleged to be misclassified as exempt from overtime requirements. Currently pending before this Court is plaintiff's motion for court-supervised notice to putative collective action members, pursuant to 29 U.S.C. § 216(b), and for disclosure of identifying information of potential collective action members. See Motion to Certify FLSA Collective Action (July 2, 2018), Electronic Case Filing Docket Entry ("DE") #88. For the reasons set forth below, plaintiff's motion is denied without prejudice.

## BACKGROUND

      Plaintiff alleges that she worked for defendant as a home health aide from 2008 until

April 2015. See Amended Complaint (Oct. 20, 2017) ("Am. Compl.") ¶ 10, DE #41[1]; Declaration of Maral Agarunova (July 2, 2018) ("Agarunova Decl.") ¶ 2, DE #90-3. Throughout her employment, plaintiff worked more than forty hours per week, but was not paid an overtime premium of one-and-one-half times her regular rate of pay for those hours that exceeded forty per week. See Agarunova Decl. ¶ 4; Am. Compl. ¶¶ 11, 26, 27. Even after plaintiff's employment with defendant ended in April 2015, see Am. Compl. ¶ 10, defendant continued to fail to pay its home health aides an overtime premium until October 31, 2015, see id. ¶¶ 30-31.

In early 2018, two opt-in plaintiffs were added to the case. See Consent to Become Party (Jan. 10, 2018), DE #55; Consent to Become Party (Feb. 8, 2018), DE #61. Opt-in plaintiff Alfira Caprita worked for defendant as a home health aide from August 1, 2014 until August 5, 2016. See Declaration of Alfira Caprita (July 2, 2019) ("Caprita Decl.") ¶ 2, DE #90-1. Opt-in plaintiff Tatsiana Matveyenkava served as defendant's home health aide from October 18, 2002 until July 17, 2016. See Declaration of Tatsiana Matveyenkava (July 2, 2019) ("Matveyenkava Decl.") ¶ 2, DE #90-2. Caprita and Matveyenkava were paid at a straight-time rate for all the hours that they worked, until October 31, 2015, when defendant began paying time-and-one-half for all hours worked in excess of forty per week. See Matveyenkava Decl. ¶¶ 5, 6; Caprita Decl. ¶¶ 5, 6.

On December 16, 2015, defendant Stella Orton entered into a Memorandum of

---

[1] The pleading docketed by plaintiff on October 20, 2017 is in fact the *Second* Amended Complaint in this case. See Amended Complaint (Sept. 5, 2017), DE #30. Unless otherwise noted, references in this opinion to the Amended Complaint are to the pleading docketed as DE #41.

Agreement with the exclusive bargaining representative of defendant's home health care workers -- 1199 SEIU United Healthcare Workers East (the "Union") -- retroactive to December 1, 2015, containing an arbitration provision regarding wage-and-hour claims brought under the FLSA and NYLL.  See Memorandum of Agreement between Stella Orton Home Care Agency, Inc. and 1199 SEIU United Healthcare Workers East, executed on December 16, 2015 (June 26, 2018) (the "2015 MOA") at pp. 8-10, DE #82-3.  The arbitration provision states, in part, that claims "may be presented by and on behalf of the individual Employee only," and that the arbitrator "shall have no authority to consider class or collective claims[.]"  Id. at 9.  Currently pending before the Honorable Margo K. Brodie, the District Judge assigned to this case, is defendant's motion to compel arbitration of the claims of plaintiff Agarunova and the two opt-in plaintiffs.  See Motion to Compel Arbitration (June 26, 2018) ("Motion to Compel"), DE #82.  Defendant further relies on the arbitration provision as one of several grounds for denying plaintiff's motion for conditional certification because, according to defendant, this Court must defer to the grievance and arbitration process provided in the 2015 MOA.  See Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification (July 2, 2018) ("Def. Opp.") at 12-17, DE #92.

In response, plaintiff relies on Judge Jack B. Weinstein's decision in Abdullayeva v. Attending Homecare Servs., LLC, 17 Civ. 5951, 2018 WL 1181644 (E.D.N.Y. Mar. 5, 2018), which denied a motion to compel arbitration based upon an arbitration provision containing identical language.  See Plaintiff's Reply Memorandum of Law (July 3, 2018) ("Pl. Reply") at 17, DE #94.  The Second Circuit is currently reviewing Judge Weinstein's decision,

in connection with an appeal that was argued on February 19, 2019. See Abdullayeva v. Attending Homecare Servs., LLC, No. 18-651 (2d Cir.). Last month, in a similar case assigned to Judge Brodie involving the 2015 MOA, and litigated by the same plaintiff's and defendant's counsel as the instant case, the parties agreed to stay the action pending the Second Circuit's decision in Abdullayeva. See Malancea v. Family Home Care Servs. of Brooklyn & Queens, Inc., 18-cv-3261 (MKB)(VMS), Minute Entry (February 7, 2019); Transcript of Telephone Conference held on February 6, 2017 (Mar. 7, 2019) ("Tr.") at 10-11, 17-18, DE #107 in 16-cv-638. In contrast, Agarunova does not agree to stay the instant action; she argues that the arbitration provision does not apply to her individual claims, because she left defendant's employ several months before the 2015 MOA went into effect. See Tr. at 3-4, 7, 16-17. Nevertheless, plaintiff's counsel acknowledged at oral argument before Judge Brodie that the Second Circuit's decision in Abdullayeva regarding the arbitration clause may well "limit[]" the claims of putative class members herein. See id. at 5, 8. Notwithstanding that concession, plaintiff contends that it is premature for this Court to consider the issue of arbitration on a motion for conditional certification. See id. at 5-6, 8; Pl. Reply at 16.

## DISCUSSION

### I. STANDARDS FOR CONDITIONAL CERTIFICATION

FLSA claims may be pursued collectively pursuant to 29 U.S.C. § 216(b), which provides that an action to recover unpaid wages:

> may be maintained against any employer . . . by any one or more
> employees for and in behalf of himself or themselves and other
> employees similarly situated. No employee shall be a party

4

> plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Courts have discretion under this section to direct a defendant employer to disclose the names and addresses of similarly situated potential plaintiffs and to authorize the sending of notice to those individuals, so that they may opt in to the collective action. See Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989)).

In determining whether to authorize the sending of notice to potential opt-in plaintiffs of the pendency of a collective action, district courts employ a two-step process. See Myers, 624 F.3d at 554–55. At the first stage, the court makes an initial determination of whether, based on the pleadings and affidavits, the plaintiff has demonstrated that the potential opt-in plaintiffs are "similarly situated" to the named plaintiffs. See Myers, 624 F.3d at 555; Ahmed v. T.J. Maxx Corp., No. 10-CV-3609 (ADS)(ETB), 2013 WL 2649544, at *7 (E.D.N.Y. June 8, 2013). If the "plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common plan or policy that violated the law,'" the court may authorize that notice be sent. See Myers, 624 F.3d at 555 (citation omitted). After discovery, the defendants may move for decertification, at which point the court will determine on a fuller record whether the plaintiffs who opted in are, in fact, "similarly situated" to the named plaintiffs. See id. If the record reveals that they are not, the action may be decertified and the opt-in plaintiffs' claims dismissed without prejudice. Id.

## II. PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

A threshold issue on this motion for conditional certification is whether the Court should reach the merits of the motion while the appeal in <u>Abdullayeva</u> is pending before the Second Circuit. Here, as in <u>Abdullayeva</u>, the union that represents plaintiff, as well as current and any future opt-in plaintiffs, entered into an agreement with their employer that contains an arbitration provision governing wage-and-hour claims. Plaintiff has challenged the enforceability of that provision on a number of grounds. <u>See, e.g.</u>, Pl. Reply at 17-19. The Court declines to opine on those arguments, which are the subject of a motion pending before Judge Brodie (i.e., defendant's motion to compel arbitration, <u>see</u> Motion to Compel), and some of which are on appeal in <u>Abdullayeva</u>.

As noted earlier, the same attorneys involved in the instant case recently agreed to stay a similar FLSA action and section 216(b) motion (<u>Malancea</u>) pending the Second Circuit's decision in <u>Abdullayeva</u>. See *supra* p. 4. And in yet another case pending in this District involving the 2015 MOA's arbitration provision, Judge Frederic Block stayed the action pending the Second Circuit's decision in <u>Abdullayeva</u>, and Magistrate Judge Peggy Kuo deferred ruling on the plaintiff's motion for conditional certification pending Judge Block's decision on the defendant's anticipated motion to compel arbitration. <u>See</u> <u>Mannapova v. P.S.C. Community Servs. Inc.</u>, 18-cv-4146 (FB)(PK), Minute Entry (Dec. 7, 2018) (staying action); <u>id.</u>, Order (Jan. 30, 2019) (deferring ruling on plaintiff's motion to certify FLSA collective action pending Judge Block's decision on defendant's yet-to-be-filed anticipated motion to compel arbitration).

Plaintiff resists that result in the case at bar, arguing that consideration of the arbitration provision in connection with plaintiff's section 216(b) motion is "premature and irrelevant at this point[,]" as it involves a "'merits-based determination' [that should be] made after notice [of the collective action] is issued." See Pl. Reply at 16 (citing Racey v. Jay-Jay Cabaret, Inc., 15 Civ. 8228 (KPF), 2016 WL 3020933, at *5 (S.D.N.Y. May 23, 2016); Garcia v. JCPenney Corp., Inc., Case No. 12 Civ. 3687, 2016 WL 878203, at *7 (N.D. Ill. Mar. 8, 2016); Romero v. La Revise Assocs., L.L.C., 968 F.Supp.2d 639, 647 (S.D.N.Y. 2013)).

This case bears no resemblance to any of the opinions cited by plaintiff. As an initial matter, because defendant Stella Orton's motion to compel arbitration preceded plaintiff's motion for conditional certification, the arbitration issue in this case is neither speculative nor premature. Cf. Garcia, 2016 WL 878203, at *7 (noting that defendant had not yet filed a motion to compel arbitration); see also Guzman v. Three Amigos SJL Inc., 117 F.Supp.3d 516, 526 (S.D.N.Y. 2015) (finding validity of arbitration clause defense to be speculative before the filing of a motion to compel arbitration). More importantly, each of the cited cases involved individual arbitration agreements signed by various employees; the courts concluded that at the initial stage of the two-step inquiry under section 216(b), it would be premature to undertake a "fact-intensive" inquiry into which employees had signed arbitration agreements, the validity of the signatures on the agreements, and whether coercion had been used to secure the signatures. See Romero, 968 F.Supp.2d at 646, 647; see also Racey, 2016 WL 3020933, at *5; Garcia, 2016 WL 878203, at *7; Hernandez v. Immortal Rise, Inc., No. 11-CV-4360(RRM)(LB), 2012 WL 6720734, at *2 (S.D.N.Y. Dec. 27, 2012) (whether collective

action members were subject to arbitration agreements was issue of fact that should not be determined at notice stage). This case, in contrast, presents a purely legal question: whether, as a result of the language of the arbitration provision agreed to by the Union on behalf of its members, the named plaintiff and/or two opt-in plaintiffs and collective action members must arbitrate their wage-and-hour claims; that legal issue is expected to be decided shortly by the Second Circuit.

Under these circumstances, it makes little sense to authorize the dissemination of notice of this action only to have Judge Brodie's and/or the Second Circuit's impending decisions potentially foreclose the claims of members of the collective. See Thompson v. Body Sculpt Int'l, LLC, 18-cv-1001-ARR-GRB, 2018 WL 3235545, at *8 (E.D.N.Y. July 2, 2018) (Ross, J.) (finding that deciding motion for conditional certification before ruling on motion to compel arbitration would be "inefficient"); Hamoudeh v. UnitedHealth Grp, Inc., 16-CV-790 (PKC) (RML), 2016 WL 2894870, at *2 (E.D.N.Y. May 17, 2016) (Chen, J.) (denying plaintiffs' "request to move for conditional certification until after the Court renders a decision on [defendant's] motion to compel arbitration"); see also Edwards v. Doordash, Inc., 888 F.3d 738, 743 (5th Cir. 2018) (holding that arbitrability is a "threshold question" that should be determined before conditional certification).[2] As Judge Brian M. Cogan recently recognized in denying a motion for conditional certification as to any employee who had signed an arbitration

---

[2] In addition to its position that the collective action members must arbitrate their claims, defendant argues that plaintiff Agarunova is bound to the 2015 MOA even though she left her employment with Stella Orton before the agreement became effective. See Def. Opp. at 14-17. Whatever the merit of that argument, it ought to be resolved before any notice is issued. See, e.g., Reyna v. Int'l Bank of Commerce, 839 F.3d 373, 376-78 (5th Cir. 2016).

8

agreement, "[i]t would waste everyone's time and resources to conditionally certify a group of individuals" whose claims must be arbitrated. See Lin v. Everyday Beauty Amore Inc., 18-cv-729 (BMC), 2018 WL 6492741, at *4 (E.D.N.Y. Dec. 10, 2018). In addition, "the risk of confusion to and subsequent disappointment of the employees who have signed the arbitration agreement" is a persuasive reason to await the Second Circuit's guidance on the issue. See id. Accordingly, plaintiff's motion for conditional certification is denied without prejudice.

Nevertheless, the Court is mindful of the potential prejudice to the putative collective action members, with respect to whose claims the statute of limitations ordinarily would continue to run until they file notices opting in to the case. See Robles v. Liberty Rest. Supply, Corp., No. 12-CV-5021 (FB)(VMS), 2013 WL 6684954, at *10 (E.D.N.Y. Dec. 18, 2013); 29 U.S.C. § 256(b) (in FLSA collective actions, the statute of limitations is automatically tolled for potential opt-in plaintiffs on the "date on which [their] written consent is filed in the court in which the action was commenced"). In order to avoid such prejudice, this Court finds it appropriate, under the circumstances, to exercise its discretion to toll the limitations period from the date the instant motion was filed until at least the Second Circuit's mandate issues in Abdullayeva. Not infrequently, courts in this District have permitted equitable tolling during the pendency of motions for conditional certification, to avoid "attributing to the [potential opt-ins] the Court's deliberation period." Wang v. Empire State Auto Corp., No. 14-cv-1491 (WFK)(VMS), 2015 WL 4603117, at *14 (E.D.N.Y. July 29, 2015); see, e.g., Garriga v. Blonder Builders Inc., CV 17-497 (JMA) (AKT), 2018 WL 4861394, at *11 (E.D.N.Y. Sept. 28, 2018); Cabrera v. Stephens, 16-CV-3234 (ADS) (SIL),

2017 WL 4326511, at *7 (E.D.N.Y. Sept. 28, 2017); Chen v. XpresSpa at Term. 4 JFK, LLC, 15 CV 1347 (CBA)(CLP), 2016 WL 11430475, at *10 (E.D.N.Y. Feb. 16, 2016), adopted, 2016 WL 5338536 (E.D.N.Y. Sept. 23, 2016); Zhang v. Wen Mei, Inc., No. CV14-1647 (JS) (SIL), 2015 WL 6442545, at *7 (E.D.N.Y. Oct. 23, 2015).

It would be inequitable to charge the potential opt-in plaintiffs with the time during which the instant motion and the motion to compel arbitration were pending before the Court. Indeed, the parties agreed to toll the limitations period from April 3, 2017 to November 3, 2017, while defendant's motion to dismiss was pending. See Letter Regarding Tolling (Nov. 2, 2017), DE #45. Therefore, the limitations period is tolled from the date the instant motion was filed (July 2, 2018) to the date of the issuance of the mandate in Abdullayeva. See Hamoudeh, 2016 WL 2894870, at *2 (deferring plaintiffs' filing of section 216(b) motion until after resolution of defendant's motion to compel arbitration, but "permit[ting] equitable tolling between now and such time as [the Court] renders a ruling on any future motion for conditional certification").

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for conditional certification as a FLSA collective action, pursuant to 29 U.S.C.§ 216(b), and for court-authorized notice, is denied without prejudice.

**SO ORDERED.**

**Dated: Brooklyn, New York
March 11, 2019**

/s/ *Roanne L. Mann*
**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**