UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARAL AGARUNOVA,

                             Plaintiff,                      MEMORANDUM
                                                                   AND ORDER

                            -against-                       16-CV-638 (MKB)

THE STELLA ORTON HOME CARE
AGENCY, INC.,

                             Defendant.
------------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court are (1) plaintiff's motion to vacate portions of the Court's Order of June 28, 2019 ("6/28/19 Order"), Docket Entry ("DE") #124, see Notice of Motion for Reconsideration (July 3, 2019), DE #126; Memorandum In Support (July 3, 2019) ("Pl. Mem."), DE #127; and (2) the parties' joint status report and request for an in-person status conference to be held during the week of July 29, see Joint Motion for Hearing (July 10, 2019) ("Jt. Mot."), DE #128. For the reasons explained hereinafter, the Court corrects one aspect of its 6/28/19 Order and otherwise denies plaintiff's motion for reconsideration, and declines to schedule a conference in this case.

I.      Plaintiff's Motion for Reconsideration

In her motion for reconsideration, plaintiff asks the Court to vacate allegedly "injurious and inaccurate comments" contained in the Court's 6/28/19 Order, which denied without prejudice a motion to compel filed by plaintiff on June 24 and titled "Second Motion to Compel Defendant to Produce Documents Responsive to Plaintiff's Discovery Probing

Defendant's Status as a Non-Profit" (June 24, 2019) ("June 24th Motion"), DE #121.  See Pl. Mem. at 1.  Specifically, plaintiff challenges the Court's reference to "misleading statements and omissions" contained in her then pending June 24th Motion, as well as the Court's warning that it would not tolerate such "gamesmanship."  See Pl. Mem. at 1[1]; see also 6/28/19 Order.

Admittedly, the Court's language was harsh -- a product of its frustration with plaintiff's scorched-earth approach to litigating this case.  Nevertheless, the only arguable "misstatement" in the 6/28/19 Order is the Court's characterization of plaintiff's June 24th Motion as her third (as opposed to her second) application to compel discovery concerning defendant's non-profit status.  See 6/28/19 Order at 1; see also Pl. Mem. at 5.  As plaintiff notes, an earlier motion to compel (which plaintiff filed on June 3, 2019, and which the 6/28/19 Order construed as plaintiff's second such discovery motion) merely "al[ ]erted [the Court] to the parties' dispute regarding non-profit discovery, . . . [but] *did not* seek the Court's resolution of this dispute."  Pl. Mem. at 2 (citing Letter Motion to Compel (June 3, 2019) at 3 n.5, DE #116).

Apart from that inaccuracy, the factual recitation in the challenged Order is undisputed by plaintiff.  Although, as of June 13, 2019, plaintiff had not yet renewed her motion to

---

[1] Plaintiff also complains that the 6/28/19 Order was issued "without a hearing" and without "an opportunity to respond to Defendant's misstatements."  Pl. Mem. at 1.  However, neither this Court's Individual Rules nor Local Civil Rule 37.3(c) authorize the filing of a reply in connection with a discovery dispute, and it is within the Court's discretion to determine whether a hearing is warranted.

produce non-profit discovery, the Court, seeking to obviate the need for such a motion, had addressed that precise issue with counsel during a telephone conference that day; having reviewed plaintiff's revised demands for such materials, the Court for the second time ruled that plaintiff's demands were overbroad, ordered the parties to confer in good faith to agree upon "narrow, targeted searches" concerning, *inter alia,* defendant's non-profit status, and directed them to submit a joint, updated status report by July 10, 2019.  See 6/28/19 Order at 1 (quoting Minute Entry and Order (June 13, 2019), DE #119); see also Transcript of Civil Cause for Telephone Conference at 19-25, DE #127-1.  In other words, the Court made clear that it did not want to entertain another discovery motion regarding the non-profit issue unless and until plaintiff further narrowed her discovery demands and the parties engaged in and completed good faith negotiations to resolve their dispute informally.  Plaintiff nevertheless plowed ahead with her June 24th motion to compel, notwithstanding the fact (and unbeknownst to the Court until defendant responded to plaintiff's June 24th Motion) that the parties had already scheduled a follow-up "meet-and-confer" to take place two days later, on June 26.

For the foregoing reasons, the Court stands by its criticism of plaintiff's counsel's handling of her "second motion to compel," which was entirely premature and unnecessarily burdened the Court and multiplied the litigation in this highly contentious lawsuit.

II.      The Parties' Request for an In-Person Status Conference

The parties' joint application for an in-person status conference, see Jt. Mot., is denied. With the above resolution of plaintiff's motion for reconsideration, any and all open applications for judicial relief are currently pending before either Judge Brodie or the Second

Circuit.  See generally Jt. Mot. at 2; see also Letter to Judge Brodie (July 16, 2019), DE #130.  Moreover, in light of Judge Brodie's recent Order to Show Cause why the case should not be stayed during the pendency of defendant's appeal of her March 25, 2019 Memorandum and Order, see Order To Show Cause (July 17, 2019), no purpose would be served at this time by scheduling a conference before this magistrate judge.

    **SO ORDERED.**

**Dated:**    Brooklyn, New York
           July 19, 2019

                /s/    *Roanne L. Mann*
                **ROANNE L. MANN**
                **CHIEF UNITED STATES MAGISTRATE JUDGE**