MANDATE

19-798
Maral Agarunova v. The Stella Orton Home Care Agency, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of February, two thousand twenty.

Present:  ROSEMARY S. POOLER,
          GERARD E. LYNCH,
                    *Circuit Judges,*
          JESSE M. FURMAN,
                    *Judge.*[1]

---

MARAL AGARUNOVA,

        *Plaintiff-Appellee*,

v.                          19-798

THE STELLA ORTON HOME CARE AGENCY, INC.,[2]

        *Defendant-Appellant.*

---

Appearing for Appellant:  Philip K. Davidoff, FordHarrison LLP, New York N.Y.

Appearing for Appellee:  Tiasha Palikovic, Wittels Law PC, (Steven L. Wittels, J. Burkett McInturff, *on the brief*), Armonk, N.Y.

---

[1] Judge Jesse M. Furman, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of Court is directed to amend the caption as above.

MANDATE ISSUED ON 03/16/2020

Appeal from the United States District Court for the Eastern District of New York (Brodie, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant The Stella Orton Home Care Agency, Inc. appeals from the March 25, 2019 order of the United States District Court for the Eastern District of New York (Brodie, *J.*) denying its motion to compel arbitration as to Agarunova and stay the action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Plaintiff-Appellee Agarunova is a former employee of Stella Orton and was a member of the 1199SEIU United Healthcare Workers East, a union that represented a bargaining unit of which Agarunova was part, and that had negotiated a 2012 collective bargaining agreement ("2012 CBA") and other memoranda of agreement extending and modifying the 2012 CBA. The 2012 CBA included an arbitration clause that required arbitration of disputes about the interpretation and application of the CBA, but that (the parties agree) did not require arbitration of disputes arising under federal and state laws. In June 2014, as relevant here, Stella Orton and the union entered into a memorandum of agreement ("2014 MOA") reflecting their intention, "given changes in federal and state law imposing new obligations on the Employer," App'x at 87, to continue negotiations in order to implement an alternative dispute resolution provision that would cover claims under such laws. Stella Orton and 1199SEIU eventually agreed to an alternative dispute resolution provision in December 2015 ("2015 MOA"), after Agarunova was no longer an employee of Stella Orton or represented by 1199SEIU.

On appeal, Stella Orton argues that the 2014 and 2015 MOAs, "when read together, provide for both the agreement to arbitrate Appellee's statutory claims in this action and the applicable *procedures* for the arbitration of such claims." Appellant's Br. at 14. We disagree.

"The threshold question of whether two parties indeed agreed to arbitrate is determined by state contract law principles." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). Clearly, the provision in the 2014 MOA referencing continuing negotiations is not itself an arbitration clause; by its plain language, it merely binds the parties to continued negotiations toward developing an unspecified "alternative dispute resolution procedure" for the resolution of statutory claims, App'x 87. Under New York law, "a mere agreement to agree, in which a material term is left open for future negotiations, is unenforceable." *Joseph Martin Jr., Delicatessen, Inc. v. Schumacher*, 52 N.Y.2d 105, 109 (N.Y. 1981). The 2015 MOA does include an arbitration clause, which resulted from those negotiations. The district court correctly concluded, however, that Agarunova was not bound to arbitrate her statutory claims by the 2015 MOA because she was no longer an employee nor represented by the union as of December 16, 2015, the date of the signing of the 2015 MOA. *See Konstantynovska v. Caring Professionals, Inc.*, 103 N.Y.S.3d 364, 365 (1st Dep't 2019).

Stella Orton argues on appeal that the interpretation of the 2014 and 2015 MOAs is not for the courts to decide, because the 2012 CBA delegates threshold questions of arbitrability to the arbitrator, not the court. However, Stella Orton did not make this argument in its fully briefed

2

motion to compel below, raising it for the first time in a reply letter-brief on its subsequent motion to stay. Consequently, the district court did not address it.

"[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Bogle–Assegai v. Connecticut,* 470 F.3d 498, 504 (2d Cir. 2006) (internal quotation marks omitted); *see also Wal–Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 124 n. 29 (2d Cir. 2005) ("The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below, . . . waiver will bar raising the issue on appeal." (internal quotation marks and citation omitted)). Although waiver is a prudential rule, "the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." *In re Nortel Networks Corp. Securities Litigation*, 539 F.3d 129, 133 (2d Cir. 2008) (internal quotation marks omitted).

Stella Orton's purely legal defense that the 2012 CBA delegates the gateway arbitrability question was undoubtedly available to it below—it was a party to the 2012 CBA, and presumably familiar with its terms. And its proffered reason for not asserting it—because the "'facts on the ground' continued to evolve," Appellant's Reply Br. at 17, does not suffice. We therefore consider this argument waived and decline to exercise our discretion to address it.

We have considered the remainder of Stella Orton's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit